Robert Lorane REAMES, Jr., Appellant,

v.

Barbara Joan REAMES, Appellee.

No. 20370.

Court of Civil Appeals of Texas, Dallas.

July 9, 1980.

Martin L. Kahn, Irving, for appellant.

Reba Graham Rasor, Koons, Smith & Rasor, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This appeal was brought to contest the trial court's assessment of one–half of appellee's attorney's fees against appellant, even though appellant was the movant in that court and the court granted his requested relief. We modify the trial court's judgment by disallowing recovery of attorney's fees by either party, and as so modified, we affirm.

Appellant and appellee were divorced in 1976, and appellee was given custody of the parties' child subject to "reasonable visitation with and possession of said child." Some differences apparently arose between the parties regarding what constituted "reasonable visitation." Consequently, appellant filed a motion to modify that portion of the divorce decree so that specific times for visitation would be provided. Appellee opposed the motion in its relevant parts and prayed for attorney's fees. The trial court entered an order in accordance with the requested changes in appellant's motion and found $1,800.00 to be a reasonable attorney's fee for appellant's attorney. Further, the court determined that appellee's attorney was employed to preserve and protect the child's rights, that $1,750.00 was a reasonable attorney's fee for appellee's attorney, and that one–half of such fee should be paid by appellant.

Appellant argues that the trial court abused its discretion in assessing one–half of appellee's attorney's fees to be paid by appellant and in not assessing appellant's attorney's fees to be paid by appellee. Section 11.18 of the Texas Family Code

provides as follows: "In any proceeding under this subtitle, the court may award costs *as in other civil cases.* Reasonable attorney's fees may be taxed as costs . . . ." Tex.Fam.Code Ann. § 11.18(a) (Vernon 1975) [emphasis added]. The award of costs "in other civil cases" is governed by the Texas Rules of Civil Procedure. Rule 131 provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Rule 141 provides that "[t]he court may, *for good cause, to be stated in the record,* adjudge the costs otherwise than as provided by law or these rules." [emphasis added]. Under these provisions, we conclude that absent "good cause," the trial court's discretion regarding awarding of attorney's fees is limited to determining whether the successful party's attorney's fees should be recovered from his adversary. No provision is made, absent "good cause," for allowing an unsuccessful party recovery of his attorney's fees. Here appellant was the successful party and no good cause is stated for adjudging the costs contrary to these rules. Accordingly, we hold that the trial court abused its discretion in ordering appellant to pay one-half of appellee's attorney's fees. The trial court's decision not to allow appellant to recover his attorney's fees from appellee, however, was properly within the court's discretion.

■ Appellee counters that in a domestic relations case the concept of a successful party is meaningless because rarely is one party a clear-cut winner. While we recognize that in some cases it may be difficult to determine who the successful party is, *see e. g., Poston v. Poston,* 572 S.W.2d 800, 803 (Tex.Civ.App.–Houston [14th Dist.] 1978, no writ); *Walker v. Showalter,* 503 S.W.2d 624, 627 (Tex.Civ.App.–Houston [1st Dist.] 1973, no writ), such is not the case here because appellant did recover virtually all of the relief requested.

Appellee's second point is that the trial court did not abuse its discretion in awarding appellee recovery of attorney's fees because the employment of appellee's attorney was necessary to preserve and protect the rights of the child. Thus, by dividing the fee of appellee's attorney, appellee reasons that the court was acting in accordance with the parties' obligation to support their child by supplying necessaries. *See* Tex.Fam.Code Ann. § 4.02 (Vernon Supp. 1980). In support of this theory, appellee cites several pre–Family Code cases, typified by *Schwartz v. Jacob,* 394 S.W.2d 15 (Tex.Civ.App.–Houston 1965, writ ref'd n. r. e.). *Schwartz* was a suit by the father to reduce child support payments and modify visitation privileges, or to change custody. The mother's action was primarily defensive. The court of civil appeals found the children to be the real parties in interest, and under the circumstances in that case upheld the recovery of the mother's attorney's fees because the father had "a common–law obligation to furnish necessaries for the wife and children." That court stated that the attorneys employed at the instance of the mother were actually representing the interests of the children. The court stated further:

> For there to be a full development of matters bearing on [the issues in this case] it is necessary to employ counsel to look after the children's interests. It does not suffice to suggest, as does appellant, that he was looking after their interests. He had a personal partisan interest also. The mother did too. Our adversary system is best suited to a development of the true facts and the adversary system envisions the right of representation by counsel.

*Id.* at 21.

■ We recognize that it may occasionally be necessary to employ counsel to look after the children's interest; however, in such a case, the proper course is for the court to appoint an attorney ad litem for the child. Particularly is this so when the court determines that the primary concern of the parties to the suit may not be the protection of the best interest of the children. Further, since the best interest of the children is always the primary consideration of the court in determining questions

of possession of, support of, or access to a child, Tex.Fam.Code Ann. § 14.07(a) (Vernon 1975), it follows that when any action of this sort is taken by a court, the employment of counsel for the prevailing party must have been in the best interest of the child; otherwise, the court would not have decided as it did.

Applying the reasoning in *Schwartz*, employment of counsel for the nonprevailing party would also have been in the best interest of the child. We need not decide whether we should apply the reasoning in *Schwartz*, because regardless of the necessity of employing counsel, that fact alone is no reason to assess attorney's fees other than as provided by existing law and the rules of civil procedure. Under present law, both parents have an obligation to support their children by providing necessaries. *Compare* Tex.Fam.Code Ann. § 4.02 (Vernon Supp.1980) *with Schwartz v. Jacob*, 394 S.W.2d at 21. The fact that something is a necessary for a child, however, is not a reason for assessing its costs in any particular percentages between the parents. Other factors, laws, and rules of procedure are involved in such an assessment.

In this case, the trial court determined that employment of appellee's attorney was necessary to protect and preserve the rights of the child. Our reasoning in the preceding paragraph demonstrates that the same could be said for the appellant's attorney. Nonetheless, neither fact constitutes good cause for assessing one–half of appellee's attorney's fees against appellant. We have been unable to find any statement of good cause in this record for assessing appellee's attorney's fees contrary to law. The trial court had discretion whether to assess appellant's attorney's fees against appellee, but absent a statement of good cause in the record, the trial court could not assess one–half of appellee's attorney's fees against appellant.

Accordingly, we modify the trial court's judgment by disallowing recovery of attorney's fees by either party, and as so modified, we affirm.