Richard Duffy BILLEAUD, Appellant,

v.

Marjorie Anne BILLEAUD, Appellee.

No. 01–85–0142–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 25, 1985.

Rehearing Denied Sept. 5, 1985.

John C. Pavlas and Susan E. Crowley, Taylor, Hays, Price, McConn & Pickering, Houston, for appellant.

David L. Capps, Houston, for appellee.

Before EVANS, C.J., and BASS and HOYT, JJ.

## OPINION

EVANS, Chief Justice.

The appellant, Richard Duffy Billeaud, complains of the trial court's modification of the terms of a prior divorce decree in which he and appellee, Marjorie Ann Bil-

leaud, were named joint managing conservators of their three children. We affirm.

The appellant and appellee were divorced in Harris County in March 1983, and their written settlement agreement was incorporated in the decree. Under the terms of the settlement decree, both parties were named joint managing conservators and each party was given periods of possession so that they had approximate equal possession and access to the children. Neither party was required to pay child support. The decree also provided that Harris County would be considered the children's legal domicile and residence, and that if either party removed the children from Harris County for more than two weeks without the other party's permission, the other party would be deemed to have the right to possession.

In May 1984, appellant filed a motion to modify the terms of the divorce decree with respect to appellee's periods of possession, and to obtain permission to remove the children to Louisiana because of a job promotion requiring him to move to New Orleans. Appellee filed a cross-motion in which she asserted that the prior order had become unworkable because of the changed circumstances, that the retention of the joint conservatorship would be injurious to the welfare of the children, and that her appointment as sole managing conservator would be a positive improvement for the children and in their best interest. She also asked for child support and that appellant be required to pay all costs including attorneys fees.

The trial court submitted two issues to the jury, which found that there was a material and substantial change in the circumstances of the parties and the children since the date of the divorce, but that the retention of the parties as joint managing conservators would not be injurious to the children's welfare. After the jury trial, appellant stipulated that the terms of the divorce decree for possession and access had become unworkable.

The trial court found that it was in the best interest of the children to modify the periods of possession and access for as long as appellant resided outside Harris County, and until he resumed residence within the children's school district. The court further found that a material change of circumstances had occurred, necessitating a modification of the support provision in the decree. The trial court's modification order resulted in appellee having possession of the children for substantially greater periods of time and appellant was given possession only at designated times, particularly over weekends and holiday vacations. The court's order also required appellant to make monthly child support payments of $700 in addition to his $300 monthly contractual alimony payment and to pay $6500 for appellee's attorney's fees and approximately two-thirds ($2566) of the attorney ad litem fees.

The appellant contends that the trial court abused its discretion in substantially altering the periods of his possession, arguing that the court's decree made the appellee the de facto sole managing conservator of the children. In support of his argument, he cites *Werlein v. Werlein*, 652 S.W.2d 538 (Tex.App.—Houston [1st Dist.] 1983, no writ).

The facts of this case distinguish it from the situation in *Werlein*. In *Werlein* the court modified periods of possession entirely stripping the managing conservator of his function, without having met the statutory requirements for modification of conservatorship. Here, both parents continue as joint managing conservators and neither have been removed from that function.

The trial court's order must be upheld unless a clear abuse of discretion is shown. *Dunker v. Dunker*, 659 S.W.2d 106 (Tex. App.—Houston [14th Dist.] 1983, no pet.).

Tex.Fam.Code Ann. sec. 14.08(c) (Vernon 1985) provides in pertinent part:

After a hearing, the court may modify an order or portion of a decree that:

. . . . .

(3) sets the terms and conditions for possession of or access to a child, or prescribes the relative rights, privi-

leges, duties, and powers of conservators if:

(A) the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree; or

(B) the order or portion of the decree to be modified has become unworkable or inappropriate under existing circumstances....

■ We find that the evidence supports the trial court's determination that the settlement decree had become unworkable under the changed circumstances. The parties' settlement agreement was appropriate only so long as both parties resided in reasonably close proximity to the children's schools. When appellant was transferred to New Orleans, it was no longer possible for both parties to have the same degree of possession and access to the children.

■ It is a matter of public policy that there be a high degree of stability in young children's homes and surroundings. *Hogge v. Kimbrow*, 631 S.W.2d 603 (Tex.App.—Beaumont 1982, no writ). The trial court had an opportunity to observe and evaluate the witnesses' testimony, and it was the court's duty to determine the arrangement which would best serve the children's interest. *In re C.E.B.*, 604 S.W.2d 436 (Tex. App.—Amarillo 1980, no writ). The order of modification indicates that the trial court carefully exercised its wide discretion in fashioning an arrangement in the children's best interests. We find no abuse of discretion in the court's ruling, and we overrule the appellant's first point of error.

In his second point of error, appellant contends that the trial court's award of child support was an abuse of discretion, because there was no evidence to support the award. A trial court has broad discretion in setting and modifying child support payments, and absent a clear abuse of discretion, its order will not be disturbed. *Carpenter v. White*, 624 S.W.2d 618 (Tex. App.—Houston [14th Dist.] 1981, no writ). The trial court found a material and sub-

stantial change in circumstances necessitating a child support award to appellee.

■ Both parties testified that, after their settlement agreement, appellant paid or reimbursed appellee for all of the children's living expenses. Appellant testified that he was agreeable to providing all of the support for his children as ordered by the court. The record reflects that appellant's gross income had increased by approximately $17,000 since the time of the parties' divorce, and that he had a net income of $3,687 per month, while appellee had a net monthly salary of $1,198.34 and an additional contractual alimony income from appellant of $300 per month. Including the children's expenses, appellee's estimated monthly expenses exceeded her monthly net salary by approximately $1,200 per month. Pending the decision of the court on appellant's motion to modify possession, the children had been living with the appellee, and appellee testified about specific increases in the children's expenses of: $450 for food, $75 for school supplies, $300 for clothing, $50 for gifts and $100 for entertainment. Her testimony was sufficient to show an increase in her expenses attributable to the children. The children had to move because of the appellant's transfer to Louisiana. When they moved in with appellee, her expenses directly attributable to the children increased.

Fam.Code Ann. sec. 14.08(c) additionally provides:

After a hearing, the court may modify an order or portion of a decree that:

(2) provides for the support of a child if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since its entry, except that a support order may be modified only as to obligations accruing subsequent to the motion to modify; or

(3) sets the terms and conditions for possession of or access to a child, or pre-

scribes the relative rights, privileges, duties, and powers of conservators if:

. . . . .

(C) ... there was a change in a conservator's residence to a place outside the jurisdiction of the court. If a change of residence results in increased expenses for any party having possession of or access to a child, the court may enter appropriate orders to allocate those increased costs on a fair and equitable basis, taking into account the cause of the increased costs and the best interests of the child. Such an order may be entered without regard to whether any other change in the terms and conditions of possession of or access to the child is made.

In view of appellant's increased income, the enlarged periods of appellee's possession, and the related increase in appellee's expenses, as well as appellant's expressed willingness to support the children, there is sufficient evidence to support the trial court's ruling. We overrule appellant's second point of error.

In his third, fourth, and fifth points of error, appellant contends that the trial court erred in ordering him to pay appellee's attorney's fees and two-thirds of the ad litem fee and in failing to tax costs against appellee. Appellant does not contend that the amount of the fees and costs are unreasonable, but he argues that they were incurred primarily because: 1) appellee requested a jury trial on her motion to modify conservatorship; and 2) he, not appellee, prevailed at the jury trial.

■ Since 1981, Tex.Fam.Code Ann. sec. 11.18(a) (Vernon 1985) does not require a family court judgment to state good cause for adjudging costs against the successful party as is required in other civil cases, *see* Tex.R.Civ.P. 131. By deleting that portion of the statute which required costs to be assessed "as in other civil cases," the legislature recognized the difficulty of deciding, in family cases, which party is successful. *See Walker v. Showalter*, 503 S.W.2d 624 (Tex.Civ.App.—Houston [1st Dist.] 1973, no

writ). Although appellee was unsuccessful in her motion to modify custody, she was successful in preventing appellant from removing the children from Harris County and in persuading the court to increase the amount of child support. Additionally, attorney's fees are taxed as costs in modification suits because they are incurred in order to establish the best interest of the child.

Appellee's pleadings asked for attorney's fees, and the court in its discretion granted such fees. We find no abuse of discretion and overrule appellant's third, fourth, and fifth points of error.

The judgment of the trial court is affirmed.