The **PRUDENTIAL INSURANCE COMPANY OF AMERICA,** ·Petitioner,

v.

**J.R. FRANCLEN, INC., Respondent.**

No. C–4909.

Supreme Court of Texas.

June 4, 1986.

Donald Colleluori, A. Erin Dwyer, Johnson & Swanson, Dallas, for petitioner.

Donald L. Clower, Forney, for respondent.

ON MOTION FOR REHEARING

PER CURIAM.

This is an appeal from a summary judgment rendered in a suit for unlawful conversion. On June 5, 1980, Franclen, a foreign corporation unauthorized to do business in Texas, filed suit against Prudential and two other parties that are not before this court. Prudential filed a plea in abatement asserting that Franclen was unable to maintain its suit because it had not obtained a certificate of authority from the Secretary of State authorizing it to do busi-

ness in Texas. TEX.BUS.CORP.ACT ANN. art. 8.18(A) (Vernon 1980). After a hearing, the trial court signed an order abating the action for six months to allow Franclen to obtain the necessary certificate. On June 24, 1983, Franclen obtained the certificate of authority and the case was accordingly placed back on the trial court's docket.

However, approximately ten months later, Prudential filed a motion for summary judgment alleging that Franclen's action was barred by the statute of limitations because Franclen was unable to maintain his action until June 24, 1983, which was after the applicable statute of limitations had run. In its response to Prudential's motion for summary judgment, Franclen argued that its original filing interrupted the statute of limitations regardless of whether it had qualified to do business in the State of Texas as a foreign corporation. Franclen then cited a section from *Texas Jurisprudence 2d* which states that an amendment to a pleading which merely supplies omissions or corrects mistakes in an original pleading, such as failing to allege permission to do business in Texas, "relates back" to the time of the original pleading. 37 Tex.Jur.2d *Limitation of Actions* § 126 (1962). The trial court granted Prudential's motion for summary judgment and rendered a final judgment dismissing the action with prejudice.

In its sole point of error on appeal, Franclen asserted that it was authorized to file suit in Texas despite its failure to obtain a certificate of authorization because it was suing on an activity that is excepted from Article 8.18(A)'s bar. The court of appeals, in an unpublished opinion, reversed the trial court's judgment but did so on the ground that Franclen's acquisition of a certificate of authority related back to the time the suit was originally filed.

An appellate court is not authorized to reverse a trial court's judgment in the absence of properly assigned error. *Gulf Consolidated International, Inc. v. Murphy*, 658 S.W.2d 565, 566 (Tex.1983). Although Franclen raised its relation-back theory in its response to Prudential's motion for summary judgment, it failed to raise that ground in the court of appeals. Franclen instead chose to rely solely on its exception theory. In reversing the summary judgment on a ground not properly before it, the court of appeals' decision conflicts with our opinion in *Gulf Consolidated.*

Consequently we grant the motion for rehearing and the application for writ of error, and, pursuant to TEX.R.CIV.P. 483, without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court. We do not remand this cause to the court of appeals because the only theory raised by Franclen in that court was not raised by Franclen in response to Prudential's motion for summary judgment. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979) (issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment). *See also* TEX.R.CIV.P. 166–A(c).