**Aristedes Paul TROPOLI, Appellant,**

v.

**Cynthia Diane MARKANTONIS, Appellee.**

**No. 01–86–00940–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 5, 1987.

Elizabeth A. Burkhardt, Haynes & Fullenwider, Houston, for appellant.

Donald E. Kilpatrick, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and DUNN, JJ.

OPINION

DUNN, Justice.

This is an appeal from an award of attorney's fees in a child custody suit.

Aristedes Paul Tropoli filed a motion to modify a prior divorce order against his former wife, Cynthia Diane Tropoli Markantonis. Specifically, appellant sought to modify that part of the divorce decree relating to his rights as possessory conservator of the couple's two children, Kristen Paula Tropoli and Peter Aristedes Tropoli.

During these proceedings, appellant moved the court to appoint an attorney ad litem and a counselor to investigate the relationship between appellant and his children. The court granted appellant's mo-

tion. Subsequently, the court's docket administration procedures caused these proceedings to be dismissed for want of prosecution. Appellee, respondent at trial, then moved the court to reinstate this case so that the issue of attorney's fees could be litigated. Over appellant's strenuous objections, the court complied with this request because it had postponed making a decision on interim fees during the prior proceedings. However, the court reinstated the case to be retried on the merits, and not simply on the issue of attorney's fees.

Although the parties presented evidence on the entire case, attorney's fees were the principal focus of the litigation. Upon determining not to modify the divorce order, the court awarded appellee $8,500 in fees *as costs*. The court determined that a modification of the existing decree would be unworkable, based on its observations throughout the prior proceedings. The court then assessed fees, based upon evidence offered by both parties.

█ In his first point of error, appellant argues that the trial court erred in awarding attorney's fees and in passing judgment on the merits of the main case because the parties "had abandoned their claims." The gist of appellant's argument is that, upon learning of the counselor's opinion that appellant's relationship with his children was irreparable, appellant and appellee mutually agreed to cease prosecution of any claims each had against the other in this suit.

Appellant provides no evidence that any agreement existed regarding settlement of these proceedings. Appellant attempts to raise an affirmative defense to defeat appellee's claim for fees. Tex.R.Civ.P. 94 requires a party to set forth affirmatively in his responsive pleadings any matter constituting an avoidance of claims set forth in preceding pleadings. *Moulton v. Alamo Ambulance Serv., Inc.*, 414 S.W.2d 444, 448–49 (Tex.1967). Appellant neither pleaded nor gave evidence on this defense and, thus, cannot complain on appeal.

The first point of error is overruled.

█ In his second point of error, appellant argues that the trial court erred in awarding attorney's fees without making a finding of good cause. Appellant first argues that he was the successful party at trial and that *Reames v. Reames*, 604 S.W. 2d 335 (Tex.Civ.App.—Dallas 1980, no writ), requires that the trial court make a finding of good cause if it is to award costs against a successful party. Therefore, appellant continues, the trial court erred as a matter of law in awarding costs to appellee.

Appellant argues, in the alternative, that if this Court determines appellant to have been the unsuccessful party at trial, this Court should hold that the trial court was required, nonetheless, to make a finding of good cause. This argument is premised on the view that because attorney's fee statutes are punitive in nature, a trial court should have to account for its decision to award this type of damages.

Addressing appellant's various arguments in order, we note initially that appellant was *not* the successful party at trial. Texas courts have defined "successful party," when used in determining recovery of costs, as "the party who obtains judgment of a competent court vindicating a claim of right, civil in nature." *Siepert v. Brewer*, 433 S.W.2d 773, 775 (Tex.Civ.App.—Texarkana 1968, writ ref'd n.r.e.); *Lovato v. Ranger Ins. Co.*, 597 S.W.2d 34, 37 (Tex. Civ.App.—Amarillo 1980, writ ref'd n.r.e.). Appellant sought to modify an existing order concerning the conservatorship of his children. The trial court denied this motion. Appellant is, by definition, the unsuccessful party.

As to appellant's argument that this Court should require a finding of good cause before sustaining an attorney's fee award under Tex.Fam.Code Ann. section 11.18 (Vernon 1986), appellant contends that because an award of attorney's fees is *punitive*, equity requires some sort of check on a trial court's ability to levy this type of damages. In his view, a trial court finding of good cause would provide the necessary check. However, as both the statute and common law dictate, in family

law situations, fees may be awarded as *costs.* Tex.Fam.Code Ann. sec. 11.18 (Vernon 1986); *Drexel v. McCutcheon,* 604 S.W.2d 430, 434–435 (Tex.Civ.App.—Waco 1980, no writ). Thus, awarding fees as costs is based not on a punitive rationale but rather on a "best interests" rationale. As the court noted in *Drexel,* 604 S.W.2d at 434:

> the kind of home in which the children are reared and the persons with whom they daily associate are most important. Therefore, the matter of their custody is of utmost concern. For there to be a full development of matters hearing on these issues it is *necessary* to employ counsel to look after the *children's interest.*

(Quoting *Roberts v. Roberts,* 144 Tex. 603, 192 S.W.2d 774 (1946)) (emphasis added.)

Therefore, the trial court was not required to make a special finding of good cause when it assessed attorney's fees against the unsuccessful party in the custody suit.

The standard of review in this case is abuse of discretion. *Pharo v. Trice,* 711 S.W.2d 282, 284 (Tex.Civ.App.—Dallas 1986, no writ). There was evidence in the record that both appellant and appellee had ample means of support. Further evidence established the hours expended by the attorneys and reasonable hourly rates. The court determined that the divorce order would not be modified, thus ruling against appellant. Therefore, the court did not abuse its discretion in awarding fees to appellee.

Point of error two is overruled.

The judgement is affirmed.