**Ramon P. GOHEEN, Appellant,**

v.

**Lisa KOESTER, Appellee.**
**No. 05–89–01474–CV.**
Court of Appeals of Texas,
Dallas.
July 10, 1990.
Rehearing Denied Aug. 29, 1990.

Jim Claunch, Fort Worth, for appellant.

Kevin R. Fuller, Dallas, for appellee.

Before ENOCH, C.J., and EARL W. SMITH[1] and BILL J. STEPHENS[2], JJ. (Retired, Sitting by Assignment).

## OPINION

ENOCH, Chief Justice.

Ramon P. Goheen brought suit for the voluntary legitimation of a child, Mallory Jordan Boteler, and for appointment as possessory conservator with rights of visitation. Lisa Boteler Koester, the mother of Mallory, and her husband, Gary Koester, responded seeking termination of Ramon's parental rights and for adoption of Mallory by Gary. Both Ramon and Lisa appeal the trial court's order which establishes Ramon's parental rights, grants supervised visitation for a limited time to be followed by unsupervised visitation, refuses to terminate Ramon's parental rights, makes Lisa the sole managing conservator, grants child support retroactive to the date of the

---

[1]. The Honorable Earl W. Smith, Justice, Retired, Court of Appeals, Third District of Texas at Austin, sitting by assignment.

[2]. The Honorable Bill J. Stephens, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

filing of the original petition, grants future child support of $450.00 per month, and requires that Ramon pay Lisa's attorney fees of $5,000.00. Ramon appeals that portion of the trial court's order which grants Lisa attorney fees. Lisa appeals that portion of the trial court's order that failed to grant child support retroactive to the date of Mallory's birth. We reverse that portion of the judgment which awards Lisa attorney fees and remand the cause to the trial court for a determination of the proper amount of attorney fees allocable to the representation of Lisa. We also reverse that portion of the trial court's judgment which failed to grant Lisa child support retroactive to the date of birth. In all other respects the trial court's judgment is affirmed.

### FACTS

The facts in this case are basically undisputed. Ramon was declared to be the biological father of Mallory and was granted specified rights of visitation. Ramon's paternity is not contested on appeal. By counterclaim, Lisa sought termination of Ramon's parental rights, and in the alternative, she requested the court to grant her a lump sum award of child support retroactive to the date of Mallory's birth. Ramon paid little or no support prior to May 1989. Mallory was born on May 16, 1986. Lisa also requested supervised visitation plus an award of attorney fees.

The trial court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

12. In reference to attorney's fees of LISA BOTELER KOESTER, the Court makes the following findings:

a. It was necessary for LISA BOTELER KOESTER to seek and obtain legal representation in reference to the proceedings on file.

b. The sum of $5,000.00 is a reasonable and necessary fee for the services rendered by Koons, Rasor, Fuller &

McCurley to LISA BOTELER KOESTER in these proceedings and are also a reasonable and necessary fee for like services rendered in Dallas County, Texas.

c. The best interests of the child, MALLORY JORDAN BOTELER, would best be served by assessing against RAMON P. GOHEEN a judgment of $5,000.00 for attorney's fees incurred by LISA BOTELER KOESTER.

### CONCLUSIONS OF LAW

1. TEX.FAM.CODE ANN. § 13.42(a) as amended in 1987 prevents this Court from awarding LISA BOTELER KOESTER child support retroactive to the date of the birth of the child, MALLORY JORDAN BOTELER, except for prenatal and postnatal health care expenses for the mother and child.

\*   \*   \*   \*   \*   \*

3. But for this Court's interpretation of the legal effect of the 1987 amendment to TEX.FAM.CODE ANN. § 13.42(a), this Court would have awarded a lump sum of $9,930.16 due for retroactive child support from May 16, 1986, to March 18, 1989, for the benefit of MALLORY JORDAN BOTELER.

\*   \*   \*   \*   \*   \*

5. In reference to the attorney's fees award to LISA BOTELER KOESTER in these proceedings, the Court makes the following conclusions of law:

a. The granting of a judgment of $5,000.00 for attorney's fees against RAMON P. GOHEEN is authorized and this Court finds is justified by TEX.FAM.CODE ANN. § 11.18(a), and § 13.42(b).

b. The additional order that the judgment for attorney's fees assessed against RAMON P. GOHEEN be enforceable by contempt is authorized and this Court finds is justified in this case by TEX.FAM.CODE ANN. § 13.42(c).

We will address Lisa's arguments on the award of retroactive child support and then

address Ramon's points of error concerning attorney fees.

## RETROACTIVE CHILD SUPPORT

█ In her sole point of error, Lisa argues that the trial court erred in concluding as a matter of law that section 13.42(a) of the Texas Family Code prevents the awarding of a lump sum amount for child support retroactive to the date of Mallory's birth. TEX.FAM.CODE ANN. § 13.42 (Vernon Supp.1990). During oral argument, counsel asserted for the first time that failure to interpret section 13.42 of the Texas Family Code as allowing for child support retroactive to the birth of Mallory creates a constitutional issue because of the specter of allowing child support back to the date of birth when a child's parents were married at the time of the child's birth, but not allowing child support retroactive to the date of birth when the child's parents were not married at the time of the child's birth.

As the concurring opinion rightfully notes, no constitutional question was raised in the trial court, and it is not presented to us by a point of error. *See Prudential Ins. Co. of Am. v. J.R. Franclen, Inc.*, 710 S.W.2d 568, 569 (Tex.1986) (holding that an appellate court may not review errors that have not been assigned by a party or a point of error). We also recognize that this argument was not discussed in Lisa's brief on appeal. However, there are exceptions to the rule that points of error not raised on appeal cannot be addressed by the Court. In *Determan v. City of Irving*, 609 S.W.2d 565, 567 (Tex.Civ.App.—Dallas 1980, no writ), this Court stated:

> While we recognize that generally an issue may not be raised for the first time on appeal, *State of California Department of Mental Hygiene v. Bank of the Southwest National Association*, 163 Tex. 314, 322, 354 S.W.2d 576, 581 (1962), we note that exceptions to this rule exist. Appellate courts may consider fundamental errors. *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947), whether a

statute is constitutional when its unconstitutionality is obvious and apparent, *Lovejoy v. Lillie*, 569 S.W.2d 501, 503 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r. e.), or whether a statute is constitutional when the statute is of sufficient public interest to justify such consideration, *Houston Chronicle Publishing Co. v. City of Houston*, 531 S.W.2d 177 (Tex. Civ.App.—Houston [14th Dist.] 1975), *writ ref'd n.r.e.*, 536 S.W.2d 559 (Tex. 1976); even though the issue was not raised in the trial court [sic].

In *Lovejoy v. Lillie*, 569 S.W.2d 501, 503 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r. e.), the Tyler court noted:

> It is well established law in this state that the court will always adjudicate whether a statute is constitutional when its unconstitutionality is obvious and apparent, regardless of when or how the question is raised. *Smith v. Decker*, 158 Tex. 416, 312 S.W.2d 632, 636 (1958); *Gann v. Keith*, 151 Tex. 626, 253 S.W.2d 413, 417 (1952); *Gohlman, Lester & Co. v. Whittle*, 114 Tex. 548, 273 S.W. 808, 812 (1925). This rule applies even though the alleged unconstitutionality of a statute is not pled.

But we do not rely upon the above authority, for to characterize this issue as a point of error not raised on appeal or presented at trial misconstrues the nature of what this Court is called upon to do. Lisa does not ask this Court to declare a statute unconstitutional, a matter not raised by point of error on appeal, but rather to interpret a statute, *i.e.*, section 13.42(a) of the Texas Family Code. TEX. FAM.CODE ANN. § 13.42(a) (Vernon Supp. 1990). In such a situation, we must not place an interpretation upon a statute that creates an unconstitutional application. *See State v. Shoppers World, Inc.*, 380 S.W.2d 107, 111 (Tex.1964) (holding that a statute must not be given the one of two reasonable interpretations which will render it unconstitutional). Also, we are not without guidance in this area. The legislature has instructed the courts in section 311.021 of the Government Code as follows:

### § 311.021. Intention in Enactment of Statutes

In enacting a statute, it is presumed that:

(1) compliance with the constitutions of this state and the United States is intended;

Tex.Gov't.Code Ann. § 311.021 (Vernon 1988).

Subsection (a) of section 13.42 of the Texas Family Code in pertinent part reads:

### § 13.42. Conservatorship, Support, Fees, and Payments

(a) In a suit in which a determination of paternity is sought, the court may provide for the managing and possessory conservatorship and support of and access to the child; *except that no alleged father denying paternity may be required to make any payments for the support of the child until paternity is established. On a finding of paternity, the court may order support retroactive to the time of the filing of the suit and, on a proper showing, may order a party to pay an equitable portion of all prenatal and postnatal related health care expenses of the mother and child.*

Tex.Fam.Code Ann. § 13.42(a) (Vernon Supp.1990) (emphasis added). The case turns on our interpretation of the emphasized language. If the Court ignores all but the final sentence and interprets the language to mean that the courts are prohibited from awarding retroactive child support for any time earlier than the filing of the petition, then the Court would be interpreting the statute in such a way that illegitimate children are denied benefits that are not denied to legitimate children. In short, the Court would be interpreting the statute to deny benefits to children based upon the status of their parents' relationship at birth. This construction would give section 13.42(a) an unconstitutional interpretation. *See Gomez v. Perez*, 409 U.S. 535, 539, 93 S.Ct. 872, 875, 35 L.Ed.2d 56 (1973) (holding that once a state posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child simply because its natural father has not married his mother).[3]

In *Adams v. Stotts*, 667 S.W.2d 798, 800 (Tex.App.—Dallas 1983, no writ), this Court held that section 13.42(a) of the Family Code needed to be read in conjunction with section 13.09 which states that "[t]he effect of [the] decree designating the alleged father as the father of the child is to create the parent-child relationship between the father and child as if the child were born to the father and mother during marriage." *Id.* at 800. Consequently, the Court reasoned, the establishment of this relationship also established the duty to support the child from the date of birth. *Id.* *Adams* went on to state "that the best interests of a child cannot be served by ignoring the fact that there were costs incurred by supporting the child from the date of his birth to the date of judgment of paternity." *Id.* Thus, the Court concluded that section 13.42(a) does not prevent a court from considering past expenses in awarding child support after paternity is established. *Id.* "[L]ogic dictates that if a party is a parent at the time of judgment, he was also a parent at the time of birth, and his parental responsibilities begin when he becomes a parent—at birth." *Id.*[4]

---

**3.** We note that the equal protection clause of the United States Constitution has been held to be co-extensive with article 1, section 3 of the Texas Constitution. *See Twiford v. Nueces County Appraisal Dist.*, 725 S.W.2d 325, 328 n. 5 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.); *see also Burroughs v. Lyles*, 142 Tex. 704, 711, 181 S.W.2d 570, 574 (1944) (holding that "this section [article 1, section 3] guaranteeing all persons equality of rights was designed to prevent any person or class of persons from being singled out as a special subject for discrimination"). We base our interpretation of section 13.42 of the Texas Family Code on article 1, section 3 of the Texas Constitution and not the equal protection clause of the United States Constitution.

**4.** *Adams* was decided prior to the 1987 amendment to the Family Code; however, we note the commentary of Professor Jack Sampson on the 1987 amendments to section 13.42 wherein he states:

> The language added to Subsection (a) providing for retroactive child support in a paternity suit merely codifies existing case law. *Aguilar v. Barker*, 699 S.W.2d 915 (Tex.App.—

The express language of section 13.42(a) provides that where paternity is contested, temporary orders for the care and custody of the child may be made, but no temporary child support can be awarded. Upon a *finding* of paternity, as opposed to final judgment, the statute goes on to say that child support may be awarded retroactive to the date of filing the petition. It does *not* state that upon final judgment, child support can *not* be awarded prior to the date of filing the petition. To interpret this statute as allowing the award of child support back to the date of birth would be to construe the statute in a constitutional light as is our charge and as is our instruction from the legislature. *Shoppers World, Inc.*, 380 S.W.2d at 111; *see also City of West Tawakoni v. Williams*, 742 S.W.2d 489, 491 (Tex.App.—Dallas 1987, writ denied) (holding that the dominant rule to be observed in construction of statute is to give effect to intention of legislature).

Interpreting the statute in a constitutional light, we hold that during the pendency of a paternity proceeding, upon a finding of paternity, temporary orders for child support may be made including an award of child support retroactive to the time of the filing of the proceeding and including prenatal and postnatal health care expenses of the mother and child and that upon final judgment, the trial court may award child support retroactive to the time of birth. Therefore, we sustain Lisa's point of error.

## ATTORNEY FEES

■ Ramon, in two points of error, argues that the awarding of attorney fees to Lisa in this case is an abuse of the trial court's discretion or, alternatively, against the public policy of the State of Texas. The trial court awarded Lisa attorney fees

pursuant to sections 11.18(a) and 13.42(b) of the Texas Family Code.

Ramon asserts in his first point of error that the trial court's award of attorney fees to Lisa is an abuse of the trial court's discretion and should be reversed. The two sections of the Family Code on which the trial court based its decision to grant Lisa her attorney fees read as follows:

**§ 11.18. Costs**

(a) In any proceeding under this subtitle, including, but not limited to, habeas corpus, enforcement, and contempt proceedings, the court may award costs. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

TEX.FAM.CODE ANN. § 11.18(a) (Vernon 1986).

**§ 13.42. Conservatorship, Support, Fees, and Payments**

(b) In addition to the payment authorized by Section 14.05 of this code, the court may award reasonable attorney's fees incurred in the suit.

TEX.FAM.CODE ANN. § 13.42(b) (Vernon Supp.1990).

Ramon relies on this Court's holding in *Reames v. Reames*, 604 S.W.2d 335 (Tex. Civ.App.—Dallas 1980, no writ), for the proposition that "[n]o provision is made, absent 'good cause,' for allowing an unsuccessful party recovery of his attorney fees." *Reames*, 604 S.W.2d at 337. Ramon acknowledges that in 1981 the legislature amended section 11.18(a) of the Family Code and deleted the phrase "as in other civil cases" from the final portion of the first sentence. In *Billeaud v. Billeaud*, 697 S.W.2d 652 (Tex.App.—Houston [1st

Houston [1st Dist.] 1985); *Adams v. Stotts*, 667 S.W.2d 798 (Tex.App.—Dallas 1983).

It should be noted that there is no conflict between this provision and § 12.06 that specifies the presumed father, *i.e.*, the husband of ■ the mother, may be ordered to pay temporary child support until it is finally determined whether he is, in fact, the biological father.

Under new Subsection (d), if the alleged or probable father is seeking to have himself

declared to be a parent, he can be required to bear the burden of temporary child support and come within the sweep of other temporary orders. The court may take the petitioner at his word with regard to his intention "to step forward, willing and able to support the child."

Sampson, *1987 Legislation Affecting Family Law Practice—The 70th Legislature: Regular Session —*, Vol. 87-4, p. 30, State Bar Section Reports: Family Law 1987.

Dist.] 1985, no writ), the Houston court held as follows:

> Since 1981, TEX.FAM.CODE ANN. sec. 11.-18(a) (Vernon 1985) does not require a family court judgment to state good cause for adjudging costs against the successful party as is required in other civil cases, *see* TEX.R.CIV.P. 131. By deleting that portion of the statute which required costs to be assessed "as in other civil cases," the legislature recognized the difficulty of deciding, in family cases, which party is successful.

*Billeaud,* 697 S.W.2d at 655 (citations omitted). Ramon claims that despite this deletion courts still apply the "successful party" analysis in determining who should be awarded attorney fees in a family law case. *See Tropoli v. Markantonis,* 740 S.W.2d 563, 564 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Billeaud,* 697 S.W.2d at 655. Ramon asserts that he was awarded all of the relief he requested and is therefore the successful party and that, because he is the successful party, the trial court abused its discretion in awarding Lisa attorney fees. As was recognized in *Billeaud,* it is not always so easy to determine who the successful party is. Lisa was also successful in her claim in obtaining a child support award and orders restricting Ramon's visitation with Mallory. Applying the abuse of discretion standard of review, we cannot say that the trial court abused its discretion in awarding Lisa her attorney fees.

■ However, we note that Kevin R. Fuller, attorney for Lisa and her husband, Gary, testified at trial as follows:

> I would, therefore, testify that five thousand dollars for my services would be a reasonable and necessary fee for the benefit of my *clients.*

(Emphasis added.) On cross-examination Fuller testified:

Q. What portion of that time was devoted to the suit to terminate and the adoption, as opposed to the other matters in issue?

A. I would imagine that, fairly, one-third of the time was spent on the support-related issues, and two-thirds of the time was spent in visiting—or, researching regarding the termination.

Q. Two-thirds on the termination?

A. That would be an estimate that I would believe would be fair.

MR. CLAUNCH: All right. That's all the questions I have, Your Honor.

It is clear from the testimony that a portion of the fees testified to by Fuller are for representation of Lisa's husband Gary on the matter of the adoption. Further, the testimony of Fuller does not give a more particularized billing as to what fees are allocable to his representation of Lisa and what portion is allocable to his representation of Gary. The trial court did abuse its discretion in awarding attorney fees to Lisa which are properly allocable to her attorney's representation of Gary. Consequently, we sustain Ramon's first point of error.

■ In point of error two, Ramon contends that the awarding of attorney fees to Lisa in this voluntary paternity suit violates the public policy of the State of Texas because it discourages fathers from coming forth and assuming the responsibility for care and support of the child. Certainly, filing a voluntary paternity suit is always against a party's pecuniary interests. Ramon's argument suggests, however, that the award of attorney fees is punitive in nature. Section 11.18 clearly provides that in family law situations, fees may be awarded as costs. TEX.FAM.CODE ANN. § 11.18(a) (Vernon 1986). The awarding of fees as costs is based not on a punitive rationale but rather on a "best interests" rationale. *See Tropoli,* 740 S.W.2d at 565. Here, the trial court found that the awarding of attorney fees to Lisa was in the best interests of Mallory. The "best interest" of the children in this state is within the public policy of this state. *See Drexel v. McCutcheon,* 604 S.W.2d 430, 435 (Tex.Civ. App.—Waco 1980, no writ) (holding that an award of attorney fees for services rendered at the instance of the custodial parent in defending an action for change of custody may be allowed, even though the defense was unsuccessful, and even though it was claimed that such an award violated

public policy). Ramon's second point of error is overruled.

We REVERSE that portion of the trial court's judgment which failed to grant Lisa child support retroactive to the date of Mallory's birth and RENDER JUDGMENT that Lisa be awarded $9,930.16 for child support from May 16, 1986, to March 18, 1989. That portion of the trial court's judgment which awards attorney fees to Lisa which were properly allocable to her attorney's representation of Gary is RE-VERSED, and we REMAND this cause to the trial court for a determination of the proper amount of attorney fees. In all other respects, the trial court's judgment is affirmed.

SMITH, J., concurs and dissents with opinion.

EARL W. SMITH, Retired Justice, concurring and dissenting.

I agree with the majority opinion that the trial court's judgment which awards attorney fees to Lisa which are properly allocable to her attorney's representation of Gary is error. However, I would sustain that portion of the trial court's judgment which failed to grant Lisa retroactive child support to the date of Mallory's birth.

The majority goes to great lengths to misconstrue a statute on an issue which is not before us. During oral argument Lisa's attorney candidly admitted that no constitutional issue was raised in a point of error. The record does not indicate that the constitutional issue was expressly presented to the trial court and Lisa's attorney has not briefed this issue for our consideration. Opposing counsel was not even given the opportunity to address the arguments upon which the majority bases its opinion. An appellate court may not review errors that have not been assigned by a party or a point of error. *Prudential Ins. Co. of America v. J.R. Franclen, Inc.*, 710 S.W.2d 568, 569 (Tex.1986).

The majority opinion attempts to address the constitutional issue under the pretext of statutory interpretation. The rule in *Lovejoy v. Lillie*, 569 S.W.2d 501, 503 (Tex. Civ.App.—Tyler 1978, writ ref'd n.r.e.),

which permits a court to consider whether a statute is unconstitutional when its constitutionality is never challenged only applies when the statute's unconstitutionality is "obvious and apparent." Section 13.42 is unambiguous and clear in its intent. The majority opinion cites *State v. Shoppers World, Inc.*, 380 S.W.2d 107, 111 (Tex. 1964), for the proposition that a statute must not be given the one of two reasonable interpretations which will render it unconstitutional. I submit that the majority opinion gives a tortured interpretation of section 13.42 of the Texas Family Code. TEX.FAM.CODE ANN. § 13.42 (Vernon Supp. 1990). The guiding rule of statutory interpretation is to ascertain the legislature's intent. *Shoppers World*, 380 S.W.2d at 110. The legislature has unequivocally expressed its intent to award child support only back to the date of the filing of the petition and not before.

Lisa argues that the trial court erred in concluding as a matter of law that section 13.42(a) of the Texas Family Code prevents the awarding of a lump sum amount for child support retroactive to the date of Mallory's birth. Section 13.42 of the Texas Family Code reads as follows:

**§ 13.42 Conservatorship, Support, Fees, and Payments**

(a) In a suit in which a determination of paternity is sought, the court may provide for the managing and possessory conservatorship and support of and access to the child; except that no alleged father denying paternity may be required to make any payment for the support of the child until paternity is established. *On a finding of paternity, the court may order support retroactive to the time of the filing of the suit and, on a proper showing, may order a party to pay an equitable portion of all prenatal and postnatal related health care expenses of the mother and child.*

(b) In addition to the payment authorized by Section 14.05 of this code, the court may award reasonable attorney's fees incurred in the suit.

(c) A payment ordered under Subsection (b) of this section is enforceable as

provided in *Subchapter B of Chapter 14* of this code.

(d) *All of the provisions of Section 11.11 of this code are applicable to an alleged or probable father petitioning to have his paternity of a child adjudicated or who admits paternity in pleadings filed with the court.*

TEX.FAM.CODE ANN. § 13.42 (Vernon Supp. 1990) (footnote omitted) (emphasis added). The emphasized language was added by the 1987 amendments to the Family Code. Prior to 1987 the case law in Texas allowed for the award of child support retroactive to the date of the child's birth. *Aquilar v. Barker,* 699 S.W.2d 915, 917 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Adams v. Stotts,* 667 S.W.2d 798, 799–800 (Tex. App.—Dallas 1983, no writ). Lisa argues that the 1987 amendments to section 13.42 of the Texas Family Code did not change the existing case law, but rather, affirmed it. Lisa refers us to the commentary of Professor Jack Sampson on the 1987 amendments to section 13.42 wherein he states:

> The language added to Subsection (a) providing for retroactive child support in a paternity suit merely codifies existing caselaw. *Aguilar v. Barker,* 699 S.W.2d 915 (Tex.App.—Houston [1st Dist.] 1985); *Adams v. Stotts,* 667 S.W.2d 798 (Tex. App.—Dallas 1983).
>
> It should be noted that there is no conflict between this provision and § 12.06 that specifies the presumed father, *i.e.,* the husband of the mother, may be ordered to pay temporary child support until it is finally determined whether he is, in fact, the biological father.
>
> Under new Subsection (d), if the alleged or probable father is seeking to have himself declared to be a parent, he can be required to bear the burden of temporary child support and come within the sweep of other temporary orders. The court may take the petitioner at his word with regard to his intention "to step forward, willing and able to support the child."

Sampson, *1987 Legislation Affecting Family Law Practice—The 70th Legislature:* *Regular Session—,* Vol. 87–4, p. 30, State Bar Section Reports: Family Law 1987. Lisa also argues that under section 14.05(a) the court may order either or both parents to make lump sum payments for the support of the child until he or she is eighteen years of age, and that therefore the court may also award retroactive lump sum payments of child support to the date of the child's birth. Lisa argues that when section 13.42(a) is read in conjunction with sections 13.09 and 14.05(a), an award of child support retroactive to the date of birth of Mallory is allowed. However, the legislature has considered this issue and struck a different balance. I read section 13.42(a) to have legislatively overruled the holdings in the *Adams* and *Aguilar* cases. The clear language of section 13.42(a) states that the "court may order support retroactive to the time of the filing of the suit and ... may order a party to pay an equitable portion of all prenatal and postnatal related health care expenses of the mother and child." This section does not authorize child support prior to the filing of the paternity suit. The 1987 amendments to section 13.42 address the precise issues raised in *Adams* and *Aguilar.* The apparent concern of the legislature in amending section 13.42 was that under existing case law the alleged father would not voluntarily come forth and take on the responsibility of supporting his child if he knew that he was subjecting himself to a large award of retroactive child support. The concern of the legislature is also that the father be able to support his child in the present and in the future rather than being burdened with past debt. Whether the legislature has chosen the best means of encouraging fathers to own up to their responsibilities and provide for the support of their children may be questioned, but the 1987 amendments to section 13.42 have authoritatively resolved this matter against Lisa's position. I would overrule Lisa's sole point of error.