The **STATE** of Texas, Appellant,

v.

**Lester Lee JOHNICAN, Appellee.**

No. C14–91–00753–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 16, 1992.

Tod L. Adamson, Austin, for appellant.

Lester Lee Johnican, LaMarque, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from an order in a paternity proceeding denying the State of Texas (appellant) $4,655 of retroactive support. The trial court concluded that Lester Lee Johnican was the biological father of Leslie A. Hennigan, but denied the state's request for reimbursement based on Texas Family Code § 13.42(a). In its sole point of error, appellant asserts that the trial court erred in denying its request pursuant to Texas Family Code § 14.062 for reimbursement of public assistance. We reverse and remand the cause to the trial court to determine the amount of post-judgment interest and the manner of payment.

On December 18, 1991, the Attorney General of Texas filed a petition to establish the parent-child relationship which included a request for reimbursement for public assistance provided for the support of the subject child. It was stipulated at trial that the State of Texas provided monthly assistance for the child in the total amount of $4,655 for the months of January through October 1987 and December 1987 through July 1990. In its order, the trial court concluded that the appellant should be entitled to reimbursement for the assistance provided under § 14.062 of the Texas Family Code, but further concluded that such reimbursement was subject to the restriction placed in § 13.42(a) of the Texas Family Code, restricting collection of retroactive support to the date of filing suit to establish paternity. TEX.FAM.CODE ANN. § 13.42(a) (Vernon Supp.1991). Since no support was given by the state after December 18, 1991 (suit filed), the trial court denied the state's request for reimbursement.

■■ The issue before this court is whether § 13.42(a) precludes an award of retroactive support accrued before the date of filing the paternity petition. Section 13.42(a) reads:

> In a suit in which a determination of paternity is sought, the court may provide for the managing and possessory conservatorship and support of and access to the child; *except that no alleged father denying paternity may be required to make any payment for the support of the child until paternity is established. On a finding of paternity, the court may order support retroactive to the time of the filing of the suit* … (emphasis added)

TEX.FAM.CODE ANN. § 13.42(a) (Vernon Supp.1990). When interpreting this section all relevant parts of the Family Code must be considered. Section 13.09 provides that "the effect of a decree designating the alleged father as the father of the child is to create the parent-child relationship between the father and the child as if the child were born to the father and mother during marriage." In addition, section 14.-07(a) prescribes that "the best interest of the child shall always be the primary consideration of the court in determining questions of … support.…" The best of interest of the child cannot be served by ignoring the fact that there were costs incurred for supporting the child from the date of his birth to the date of judgment of paternity. *Adams v. Stotts*, 667 S.W.2d 798 (Tex.App.—Dallas 1983, no writ). Further, if a party is a parent at the time of judgment, he was also a parent at the time of birth, and a parent's duty to support a child begins at birth. *Id.*

Construing section 13.42(a) as the trial court did would lead to an unconstitutional

interpretation because illegitimate children would be denied benefits that are not denied to legitimate children. *Goheen v. Koester,* 794 S.W.2d 830 (Tex.App.—Dallas 1990, writ denied). *Id.* In other words, whether children would be denied support from their natural fathers would depend on the status of their parents at birth. *See Gomez v. Perez,* 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). Therefore, we hold that upon a finding of paternity, temporary orders for child support may be awarded retroactive to the date of filing of the petition, and upon final adjudication, the trial court may award child support retroactive to the time of birth. *Goheen,* 794 S.W.2d at 835.

We reverse that portion of the trial court's judgment which failed to grant appellant child support retroactive to the date of Leslie A. Hennigan's birth and render judgment that the appellant be awarded $4,655 pursuant to Texas Family Code § 14.062(a) for child support provided for the months of January through October 1987 and December 1987 through July 1990. We remand the cause to the trial court to determine the amount of post-judgment interest pursuant to article 5069–1.05 and an appropriate amount of periodic or lump sum payments on that judgment. In all other respects, the trial court's judgment is affirmed.