Affirmed and Memorandum Opinion filed September 23, 2003









Affirmed and Memorandum Opinion filed September 23,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01161-CV

____________

 

KEITH EINKAUF , Appellant

 

V.

 

LISBETH C. WARREN, Appellee

 



 

On Appeal from the 308th District Court

Harris  County, Texas

Trial Court Cause No. 00-46745

 



 

M
E M O R A N D U M   O P I N I O N

Appellant,
Keith Einkauf, appeals the trial court=s child support order.  On appeal, appellant contends the trial court
abused its discretion when it (1) failed to enter findings pertaining to its
order, (2) granted $88,311 in retroactive child support, and (3) awarded
$12,500 in attorney fees.  We affirm.

Background








Lisbeth Cathryn Warren became
pregnant in 1985.  At the time, she lived
with appellant, and informed him that he was the father of her unborn
child.  They continued to live together
until appellant moved out in February or March of 1986.  On June 4, 1986, Lisbeth gave birth to
M.W.  Although appellant had contact with
Lisbeth over the following years, he failed to financially support M.W.  

In
September 2000, Lisbeth filed suit to establish the parent-child relationship
between appellant and M.W.  Biological
tests proved appellant is M.W.=s father, and the case proceeded to
trial.  At the conclusion of trial, the
court ordered appellant to pay $987 per month in child support, $88, 311 in retroactive
child support, and $12,500 in attorney fees. 

Standard
of Review

We
review a trial court=s setting of child support, granting
of retroactive child support, and award of attorney fees under an abuse of
discretion standard.  In re D.S.,
76 S.W.3d 512, 516 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (reviewing trial
court=s
order of child support under abuse of discretion standard); Holley v. Holley,
864 S.W.2d 703, 707 (Tex. App.CHouston [1st Dist.] 1993, writ denied) (reviewing trial
court=s
order of retroactive child support under abuse of discretion standard); Ragsdale
v. Progressive Voters League, 801 S.W.2d
880, 881 (Tex. 1990) (reviewing trial court=s allowance of attorney fees under
abuse of discretion standard).  Under an
abuse of discretion standard, the question is whether the court acted
arbitrarily or unreasonably; that is, without reference to guiding rules or
principles.  In re D. S., 76 S.W.3d at 516.  In
answering this question, we view the evidence in the light most favorable to
the trial court=s actions and indulge every legal
presumption in favor of that judgment.  Id.

Child Support








In his first issue, appellant
contends the trial court abused its discretion (1) by failing to enter written
findings of fact pertaining to its child support order and (2) by exceeding
the  amount of child support recommended
by the statutory guidelines.  See Tex. Fam. Code Ann. '
154.129 (Vernon 2002).  Under the Family
Code, a trial court must make specific findings if: (1) a party files a written
request with the court not later than 10 days after the date of the hearing;
(2) a party makes an oral request in open court during the hearing; or (3) the
amount of child support ordered by the court varies from the amount computed by
applying the percentage guidelines.  Tex. Fam. Code Ann. '
154.130(a) (Vernon 2002).  

Here,
appellant failed to comply with section 154.130(a) because he did not request
the findings in a timely manner.  After a
hearing on the issue, the trial court announced its judgment on July 11,
2002.  Appellant failed to request
findings at that time.  He did not make
his written request for findings until August 12, 2002, over a month after the
hearing. Thus, appellant=s request was untimely because he
failed to make the request at the hearing, and his written request was not made
at or within 10 days from the hearing.  See
Tex. Fam. Code Ann. '
147.130(a) (Vernon 2002); Hatteberg v. Hatteberg, 933 S.W.2d 522, 528 (Tex. App.CHouston [1st Dist.]
1994, no writ) (finding wife failed to make timely request for findings when
she failed to make a request at hearing where trial court determined the amount
of child support rendered or within 10 days of that hearing).  

Appellant
further argues that whether he requested specific child support findings, the
trial court was required to make such findings because the amount awarded
deviated from the amount computed by applying the Family Code=s
percentage guidelines.  See Tex. Fam. Code Ann. '
154.129 (Vernon 2002).  The record
reflects, however, that the trial court did apply the percentage
guidelines.  Under the statutory
guidelines, the court takes into account whether the obligor=s
children live in more than one household, the number of children before the court,
and the number of children the obligor has an obligation to support that are
not before the court.  Id.








The
trial court calculated child support by applying 172%
to appellant=s net resources.  This percentage takes into account that
appellant=s children live in more than one
household, i.e., one child was before the court, and he was obligated to
support a second child as well.  Id.  Appellant points out that he also pays $250
per month in child support for a third child which the trial court did not
include in calculating the amount of child support he should pay for M.W.  However, under section 154.129 of the Family
Code, the court considers the number of children the obligor has a duty
to support.  Tex. Fam. Code Ann. ' 154.129 (Vernon 2002).  Under Section 154.001 of the Family Code, a
court can order a parent to support their child until:

(1)
the child reaches 18 years of age or until graduation from high school,
whichever occurs later; (2) the child is emancipated through marriage, through
removal of the disabilities of minority by court order, or by other operation
of law; (3) until the death of the child; or (4) if the child is disabled as
defined in this chapter, for an indefinite period.  

Tex. Fam. Code Ann. ' 154.001(a) (Vernon 2002).

Here,
the record shows the third Achild@ is actually a twenty-one-year old
son that has three children of his own. 
Because appellant failed to pay child support for that child when
ordered, he is presently paying $250 per month to reduce the arrearage on
support payments that should have been made before his son reached
majority.  We find the trial court
properly excluded this Achild@ and the arrearage payments under
the statutory guidelines.[1]  Because the trial court established the
amount of child support by applying the percentage guidelines under the Family
Code, it was not required to make findings of fact.  See Tex.
Fam. Code Ann. ' 154.130(a)(3) (Vernon 2002).  Accordingly, appellant=s
first issue is overruled.

Retroactive
Child Support








In
his second issue, appellant contends the trial court abused its discretion in
awarding $88, 311 for retroactive child support because it places an undue
burden on appellant and his family.  A
court may order retroactive child support when the parent: (1) has not
previously been ordered to pay support for the child; and (2) was not a party
to a suit in which support was ordered.  Tex. Fam. Code Ann. '
154.009(a) (Vernon 2002).  Once paternity
has been established, the trial court may order child support retroactively to
the time of birth.  State v. Johnican,
830 S.W.2d 215, 217 (Tex. App.CHouston [14th Dist.] 1992, no writ).  When determining whether to order retroactive
child support, the judge should consider the net resources of the obligor
during the relevant time period and whether:

(1) the mother of the child had made any previous
attempts to notify the biological father of his paternity or probable
paternity;

(2) the biological father had knowledge of his paternity
or probable paternity; 

(3) the order of retroactive child support will impose an
undue hardship on the obligor or the obligor=s family; and 

(4)
the obligor has provided actual support or other necessaries before filing of
the action. 

Tex. Fam. Code Ann. ' 154.131(b) (Vernon 2002).

Appellant
has never been ordered to pay child support for M.W., nor been a party to a
case in which child support was ordered for M.W., and thus, the trial court
proceeded to determine what amount, if any, of retroactive child support should
be awarded.  After the trial court
reviewed appellant=s net income from the time of M.W.=s
birth, the court ordered appellant to pay $88,311 in retroactive child support,
in payments of $450 per month, until the child reaches eighteen years of age in
June 2004.  At that point, child support
will terminate and thereafter, appellant will pay $1,437 per month toward the
remaining retroactive child support. 
Appellant argues that this payment in addition to a $548 child support
payment on a second child, and $250 retroactive child support payment on a
third child creates an undue hardship on him and his family.








The
evidence, however, establishes the trial court correctly ordered retroactive
child support.  In October of 1985,
Lisbeth informed appellant that she was having his child.  Appellant and Lisbeth lived together for
several months during her pregnancy until appellant moved out in February or
March of 1986.  After Lisbeth gave birth
to M.W. in June 1986, she stayed in contact with appellant, but he never supported
the child.  In September 2000, Lisbeth
filed a petition to establish a parent-child relationship between appellant and
M.W.  In April of 2001, medical
examinations established appellant as M.W.=s father.  Seven months later, in December of 2001,
appellant, along with his wife Carol, purchased a $297,000 house.  They made a $157,000 cash down payment, and
financed the remaining balance.  

Considering
that at the time of trial appellant had known about M.W. for sixteen years, and
never financially supported M.W., coupled with the fact he put down $157,000
cash for a house a few months after medical examinations established he
fathered M.W., we do not find that trial court abused its discretion in
awarding $88,311 in retroactive child support. 
Accordingly, appellant=s second issue is overruled.  

Attorney
Fees

In
his third issue, appellant contends the trial court abused its discretion in
awarding unreasonable attorney fees in the amount of $12,500 to Ms. Warren=s
attorney, Vonda Russell Covington.  A
trial court may assess reasonable attorney fees incurred in a suit adjudicating
parentage.  Tex. Fam. Code Ann. ' 160.636(c) (Vernon 2002).  The trial court should consider the following
factors in determining the reasonableness of attorney fees: 

(1) the time and labor required, and the skill required
to perform the legal service properly; 

(2) the likelihood . . . that the acceptance of the
particular employment will preclude other employment by the lawyer; 

(3) the fee customarily charged in the locality for
similar legal services; 

(4) the amount involved and the results obtained; 

(5) the time limitations imposed by the client or by the
circumstances; 

(6) the nature and length of the professional
relationship with the client;

(7) the experience, reputation, and ability of the lawyer
or lawyers performing the services; and 

(8)
whether the fee is fixed or contingent on results obtained or uncertainty of
collection before the legal services were rendered.

Arthur
Andersen & Co. v. Perry Equip. Corp.,
945 S.W.2d 812, 818 (Tex. 1997).








Lisbeth=s
attorney testified as to the reasonableness of the attorney fees and the
payments she had received at the time of trial:

My name is Vonda Covington.  I am the attorney representing Lisbeth Warren
in this case.  I have been licensed since
1993.  I practice in and around Harris
County and I am familiar with the attorney fees in the area.  My normal fee is $175 an hour which is
reasonable for the amount of B for the length of time I have been
practicing law in and for Harris County. 
Since Ms. Warren is the sister of an attorney in my office, I gave her a
discount and I only charge B I have only charged $112.50 per
hour.  I also charged her $65 an hour for
paralegal work.  I normally charge $85 .
. . .

Lisbeth=s
attorney bill amounted to almost $25,000. 
Ms. Covington admitted this was high for this type of case, but
explained that the case was extremely complicated for several reasons, and
presented the trial court with thirty-five pages of invoices documenting her
fees.  Lisbeth=s
attorney billed for, among other things, a hearing on temporary orders that had
been rescheduled several times and two trials. 
Opposing counsel questioned Ms. Covington on those invoices, and the
trial court discounted $5,000 for the time Ms. Covington acquainted herself
with the law applicable to this case. 
After hearing all the relevant evidence, the trial court awarded
attorney fees of $12,500 for services rendered to Lisbeth by Ms. Covington. 

            Considering
the circumstances of this case, we find the trial court=s
order of attorney fees did not constitute an abuse of its discretion.  See Ragsdale, 801 S.W.2d at 881. 
Accordingly, appellant=s third issue is overruled.

The judgment of the trial court is
affirmed.  

 

 

/s/        J.
Harvey Hudson

Justice

 

 

Judgment rendered and Memorandum
Opinion filed September 23, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.











[1]  We also
observe that appellant made no objection in the trial court to the amount of
the monthly payment he was ordered to pay.