**Robert A. ZAJAC, Appellant,**

v.

**Jeri L. PENKAVA, Appellee.**

No. 04–94–00546–CV.

Court of Appeals of Texas,
San Antonio.

May 8, 1996.

406

Robert J. Ulman, S. Jeffrey Gately, Duncan, Ulman, Weakley, Glass & Bressler, Inc., San Antonio, for Appellant.

Jo Chris G. Lopez, Shaddox, Compere, Walraven & Good, P.C., San Antonio, for Appellee.

Before HARDBERGER, GREEN and DIAL, JJ.

DIAL, Justice [1].

This is an appeal from a divorce suit where the only disputed issue was child support. The trial judge heard evidence and awarded the mother, Jeri Penkava, child support of $3,000 per month. This was based on an interpretation of section 14.055(c) of the Texas Family Code,[2] applicable in situations where the obligor's net resources exceed $6,000 per month. The court awarded $1800 child support based on the statutory guidelines and an additional amount of $1200 based on the income of the parties and the proven needs of the children.

The father, Robert Zajac, brings eight points of error. He complains of the child support award in excess of the statutory guidelines in section 14.055. He also complains of the failure of the trial judge to file requested findings of fact in the child support order pursuant to section 14.057 of the Texas Family Code. We conclude that the trial judge did not abuse his discretion. We will, therefore, affirm the judgment.

The parties agreed that the mother would be the managing conservator of the three children, and the father would be possessory conservator with standard visitations. Both parents are physicians. The mother only works part-time because of personal health problems.

Evidence was offered by the mother that the husband's income after taxes the year before the divorce was $153,682 or $12,807 per month. The husband testified that he was currently drawing approximately the same amount as the previous year, and in addition to the draw, he received bonuses. He testified that in the five months preceding the divorce, he had net earnings of $42,-000.

Their accountant testified that the projected net income for the father for the current year would be $10,129 per month, and for the mother $8,327 per month.

The mother testified as to the expenses she was incurring and expected to incur in the future on behalf of the children. She offered, without objection, an exhibit listing anticipated common family expenses and separate expenses for each child. The list included such things as a house payment for a home she had contracted to buy. The home in which she was living was awarded to the father by agreement. The list included cost of a nanny because the wife worked irregular hours. Included also were items for a vacation, travel, Christmas, birthday, music lessons, and other extra-curricular activities. When seventy-five percent of the common family expenses were attributed to the three children, the result was a total monthly expense for the children of $8,380.90.

The mother, who is a pediatrician, testified that all the children attended private schools, which she felt was best for the children. Two of the children had demonstrated learning disabilities. The father testified that he regarded things such as special schooling as luxuries rather than necessities. He stated they were nice things that he gladly provided his children. He complained that he was

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. Section 14 of the TEX.FAM.CODE was *repealed by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2(1), 1995 Tex.Gen.Laws 282.

being removed from the decision-making process where the children's expenses were concerned. He did not offer rebuttal evidence as to any needs of the children.

The trial court filed findings complying with the requirements in section 14.057(a)(1)(2)(3) and (4) of the Texas Family Code. The trial court found that the net resources of the father were at least $13,000 per month and those of the mother were at least $7,000 per month. The appeal was abated for the trial court to file additional findings. Included in the additional findings was the following:

(5) The Court finds that it is appropriate to apply the percentage guidelines to the first $6,000 of the obligor's net resources and to allocate additional child support to the obligor. Child support was calculated by applying the percentage guidelines to the first $6,000 of the obligor's net resources. An additional award of $1200 (or $400 per child) was allocated to the obligor to meet the additional needs of the children as proven by the obligee.

In points of error one through five, the appellant father complains that the trial judge abused his discretion in awarding $3,000 per month in child support and that there was no evidence or insufficient evidence to support the court's findings.

■ The standard of review of a trial court's order of child support is the abuse of discretion standard. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). The test by which that standard is applied is whether the trial court acted arbitrarily or unreasonably without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). A relevant consideration is the existence of sufficient evidence in the record upon which the trial court could exercise its discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). We do not treat the appellant's allegations of legal and factual insufficiency of the evidence as independent grounds of error. "Abuse of discretion does not exist as long as there is some evidence of a substantive and probative character to support the

decision." *Powell v. Swanson*, 893 S.W.2d 161, 163 (Tex.App.—Houston [1st Dist.] 1955, no writ).

The trial was held on June 13, 1994, and judgment was signed July 25, 1994. Therefore, the appeal is governed by section 14.055(c) of the Texas Family Code as amended by the Legislature effective September 1, 1993, as follows:

(c) More Than $6,000 Monthly Net Resources

In situations in which the obligor's net resources exceed $6,000 per month, the court shall presumptively apply the percentage guidelines in Subsection (b) of this section to the first $6,000 of the obligor's net resources. Without further reference to the percentage recommended by these guidelines, the court may order additional amounts of support as *appropriate depending on the income of the parties and the proven needs of the child*. The proper calculation of a child support order that exceeds the presumptive amount established for the first $6,000 of the obligor's net resources requires that the entire amount of the presumptive award be subtracted from the proven total needs of the child. After the presumptive award is subtracted, the court shall allocate between the parties the responsibility to meet the additional needs of the child according to the circumstances of the parties. However, in no event may the obligor be required to pay more than an amount equal to 100 percent of the proven needs of the child as child support.

(emphasis added). In the 1993 amendment, the Legislature substituted the italicized words for "proven, depending on the needs of the child at the time of the order" in the earlier statute, and added the last three sentences in the section.

The father agreed that the court correctly applied the section 14.055 guidelines of thirty percent for three children to the first $6,000 of the father's monthly resources, which amounted to $1800 of child support per month. The father argues that the mother did not prove needs of the children warrant-

ing the additional amount of $1200 child support under section 14.055(c).

The father contends that the uncorroborated testimony of the mother of projections and estimates of future expenses should not be considered as probative evidence. He now objects to seventy-five percent of the common expenses being attributed to the children but did not offer a more equitable division at the time of trial. He argues that some of the items are luxuries rather than necessities and that needs of the children do not include considerations of lifestyle or income of the parties. He argues further that only the needs of the children at the time of the order of child support can be considered, not estimates of future needs. He relies on *Rodriguez v. Rodriguez*, 860 S.W.2d 414 (Tex.1993), *In the Interest of Pecht*, 874 S.W.2d 797 (Tex.App.—Texarkana 1994, no writ), and *Mai v. Mai*, 853 S.W.2d 615 (Tex. App.—Houston [1st dist.] 1993, no writ). These cases are instructive, but their facts pre-date the 1993 amendments to section 14.055(c).

■ The argument that only the needs of the child "at the time of the order" can be considered is without merit. The phrase "at the time of the order" was omitted when amended by the Legislature. It is a rule of statutory construction that every word of the statute is used for a purpose, and every word is excluded for a purpose. *Cameron v. Terrell and Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981). We hold that estimates and projections of future expenses and needs of the children are as relevant and probative as past and current expenses and needs.

■ The supreme court said in *Rodriguez* that "needs of the child" includes more than the bare necessities of life but is not to be determined by the parents' ability to pay or their lifestyle. *Rodriguez*, 860 S.W.2d at 417 n. 3. Further, the paramount guiding principle is the best interest of the child. Most of this language is still viable. The references to ability to pay and lifestyle which had been omitted in a prior recodification have now been superseded by the Legislature in the 1993 amendments. The trial court is now

affirmatively directed to consider the income and circumstances of the parties. We must assume the Legislature intended exactly what it said.

In its findings, the trial court stated that it considered the net resources of the father and mother, other factors listed in the guidelines including the evidentiary factors in section 14.054 of the Family Code.

■ The father contends that the trial court abused its discretion in considering the evidentiary factors in section 14.054. He argues that these factors are not to be considered where the net resources of the obligor exceed $6,000 per month, again citing *Rodriguez*, 860 S.W.2d at 417 (referring to original statutory amount of $4,000). *Rodriguez* does not so hold. *Rodriguez* authorizes the trial court to consider the listed factors as they apply to the first $6,000 of net resources even when the total resources exceed $6,000.

Several of the evidentiary factors in section 14.054 are particularly relevant under the facts in this case, i.e., the age and needs of the children, child care expenses so that a parent could maintain gainful employment, and special educational expenses of a child. It was not an abuse of discretion for the trial court to consider these factors.

■ In its first set of findings, the trial court stated that the child support order of $1,000 per month per child was based on the needs of the children. In the supplemental findings, the court stated with more specificity that the additional amounts of child support above that based on the guidelines, was allocated to the father "to meet the additional needs of the children as proven by obligee." Finally, the trial court found that the amount of child support set in the case was in the best interest of the children. This follows the paramount guiding principle. *Rodriguez*, 860 S.W.2d at 417 n. 3.

We conclude that the trial court did act pursuant to guiding rules and principles and that there was sufficient evidence in the record to support his action.[3] No abuse of

3. The finding of at least $13,000 for the net    monthly resources of the father exceeds the evi-

discretion has been shown. Points of error one through five are overruled.

■ Under point of error six, the father contends that the trial court abused its discretion by failing to follow the requirements of Section 14.055(c) for the determination of child support. We conclude from the argument in his brief that his specific complaint is the failure of the trial court to file findings of the calculations made under the provisions of section 14.055(c). There is no statutory requirement that the calculations be included in the findings. The only requirement is that, after the calculations are made, the court should allocate between the parties, according to their circumstances, the responsibility to meet the additional needs of the children, and the obligor may not be required to pay more than 100 percent of the proven needs.

There was proof that the total needs of the children amounted to $8,380 per month. If the presumptive amount of $1800 is subtracted from $8,380, the remainder of $6,580 is to be allocated to the parties. Of the possible $6,580, only an additional $1200 was allocated to the father. In view of this allocation, the father has not shown how he was harmed by the trial court not including the calculations in a finding. TEX.R.APP.P. 81(b)(1). Point of error six is overruled.

■ Points of error seven and eight complain that the trial court did not file the findings required by Texas Family Code section 14.057 in the child support order. The trial judge substantially complied with the statute by making the required findings in two separate documents which were subsequently filed with the papers in the case. Again, the appellant has failed to demonstrate reversible error. TEX.R.APP.P. 81(b)(1). Points of error seven and eight are overruled.

The judgment of the trial court is affirmed.

dence by $197. In view of the small percentage of the needs of the children that is allocated to the father, no harm is shown by the finding as to

his net monthly resources. TEX.R.APP.P. Rule 81(b)(1).