**In the Interest of J.A.G.**

No. 04–98–00875–CV.

Court of Appeals of Texas, San Antonio.

March 15, 2000.

---

Zuis Zamudio, Huntsville, pro se.

Michelle Young Leding, Asst. Atty. Gen., Child Support Div., San Antonio, Rhonda Amkraut Pressley, John B. Worley, Asst. Atty. Gen., Child Support Div., Austin, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by: TOM RICKHOFF, Justice.

The trial court determined that Luis Zamudio is J.A.G.'s father and ordered him to pay $200 in monthly child support and $4275 in retroactive child support. Zamudio appeals. We affirm.

 Zamudio argues the trial court erred in ordering him to pay child support because he is incarcerated and indigent. The proceedings in this case were electronically recorded. Zamudio did not request the court recorder to file the record in this court, did not include an appendix to his brief containing a transcription of relevant portions of the record, and did not file a proper affidavit of indigence for purposes of appeal. We informed Zamudio of these deficiencies and instructed him that if he wished to file the appendix he must demonstrate that he has made arrangements to have the recording transcribed.[1] We also informed Zamudio that if he did not respond by December 13, 1999, we would consider and decide only those issues that do not require a reporter's record for a decision. See Tex.R.App. P. 37.3(c); Utley v. Marathon Oil Co., 958 S.W.2d 960, 961 (Tex.App.—Waco 1998, order, no pet.). Zamudio did not file a timely response.[2]

1. We note that Zamudio filed affidavits of indigence related to the trial proceedings and attached a pauper's oath to the brief he filed in this court. These documents are ineffective to establish Zamudio's indigency status for the purpose of entitling Zamudio to a free transcription of the recording. See Tex.R.App. P. 20.1, 38.5(d); Ford v. Whitehead, 2 S.W.3d 304, 306 (Tex.App.—San Antonio 1999, order, no pet.); Holt v. F.F. Enters., 990 S.W.2d 756, 758–59 (Tex.App.—Amarillo 1998, pet. denied).

2. On January 31, 2000, Zamudio filed a motion for extension of time. The motion does not indicate that he has taken any steps to-

We review child support orders for abuse of discretion. *See Zajac v. Penkava,* 924 S.W.2d 405, 408 (Tex.App.—San Antonio 1996, no writ). An abuse of discretion does not exist if there is some evidence of a substantive and probative character to support the decision. *See id.* Accordingly, we cannot determine whether the trial court abused its discretion in setting child support without a record from the hearing. We also note there is no legal presumption that an incarcerated person does not have assets upon which to base a child support award. *See In the Interest of M.M.,* 980 S.W.2d 699, 700 (Tex.App.—San Antonio 1998, no pet.). We therefore overrule Zamudio's contention that the trial court erred by ordering him to pay child support.

Zamudio also argues that the trial court erred by not appointing counsel to represent him at trial. He relies on section 157.163 of the Family Code and *Ex parte Strickland,* 724 S.W.2d 132 (Tex. App.—Eastland 1987, no writ). These authorities require the trial court to appoint counsel for an indigent defendant if the defendant may be incarcerated as a result of the proceedings. *See* Tex. Fam.Code Ann. § 157.163 (Vernon 1996); *Ex parte Strickland,* 724 S.W.2d at 134. Because incarceration was not a potential result of these proceedings, Zamudio was not entitled to counsel. *See Blake v. Blake,* 878 S.W.2d 209, 212 (Tex.App.—Corpus Christi 1994, writ denied). Zamudio argues that after he is released from prison, he might be reincarcerated for failing to pay the child support ordered by the court. This possibility did not entitle him to counsel in these proceedings. If Zamudio fails to pay the child support ordered by the court, he will be entitled to counsel at a hearing to enforce the order and to hold him in contempt.

The judgment of the trial court is affirmed.

Concurring opinion by: ALMA L. LÓPEZ, Justice.

ward securing a transcription of the record-

ALMA L. LÓPEZ, Justice, concurring.

Even though the majority opinion is legally correct, I feel compelled to concur in the judgment only. In my mind, something is basically wrong when the legal system cannot find a way to rehabilitate while punishing, and to provide those steps necessary to keep individuals who are incarcerated from being set up for failure upon release from prison. Every parent should be required to support his or her children. Every child should receive love, emotional support, and financial support from its parent. This support should be guaranteed to a child, but it is not. But how can an incarcerated parent who is ordered to pay current and back child support while incarcerated expect anything other than an inability to pay when he is released from prison?

Upon release, the parent will undoubtedly face a motion for contempt for failing to pay. This situation seems to place the individual on a legal ferris wheel which promises re-incarceration for failure to pay, leaving the individual hopeless that he or she will ever disembark from the never-ending ride. Has the child, the parent, the legal system, or society, gained anything from this vicious legal circle? I think not. Although I do not have the solution from this all-too-frequent social problem, the result here seems nonetheless unfair and nonsensical. Hopefully, Zamudio will use his time in prison to rehabilitate himself and to obtain whatever training he can so that he can become a productive and wage-earning member of society.

ing. The motion is denied.