COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-287-CV
  
  
JIMMY 
L. HILLIARD                                                               APPELLANT
  
V.
  
SHEILA 
MARIE HOLLAND AND THE                                          APPELLEES
OFFICE 
OF THE ATTORNEY GENERAL
 
 
------------
 
FROM 
THE 324TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Jimmy L. Hilliard appeals from a judgment against him for a child support 
arrearage. In his first point, Hilliard claims that the trial court erred by 
failing to credit $760 per month in Social Security Income (SSI) his youngest 
daughter received toward his child support arrearage. At the hearing on the 
Attorney General’s motion to confirm his child support arrearage, Hilliard and 
Holland both testified that their youngest daughter was given monthly SSI checks 
in the amount of $760 until she reached the age of 18. Holland testified that 
she did not report these payments to the Attorney General’s Office as credits 
to Hilliard’s back child support: “[I]t did not go on back child support 
because it went directly to her for her benefit.” Nor does the “Financial 
Activity Report” offered by the Attorney General’s office and admitted into 
evidence, documenting payments by Hilliard toward his child support arrearage, 
show any credits for the SSI. The clerk’s record, however, contains a July 5, 
2001 "Order on Motion to Reduce to Judgment and Modify Support in Suit 
Affecting the Parent-Child Relationship” which requires that “Any payment 
from SSI for benefit of the girls NOT credit on current child support, but do go 
[sic] towards the Judgment.”[2]  Neither 
Hilliard nor the Attorney General’s Office appealed this prior order, and it 
became final. Consequently, in computing Hilliard’s current child support 
arrearage, that is, cumulating the arrearage reflected in the July 5, 2001 order 
and the arrearage accrued since that order, any payment from SSI for the benefit 
of his daughter was required to have been credited toward the prior arrearage 
judgment. Because the trial court did not credit Hilliard’s child support 
arrearage with the $760 per month SSI received by his youngest daughter, as 
ordered on July 5, 2001, we sustain this portion of Hilliard’s first point.
        Also 
in his first point, Hilliard argues that the trial court erred by denying him 
the opportunity to present evidence of his net resources. Hilliard’s attempted 
offer, however, came after both he and the State had rested. The record does not 
reveal what evidence Hilliard was attempting to offer, nor does it indicate that 
Hilliard made an offer of proof or a formal bill of exceptions to preserve 
error. See Tex. R. Evid. 
103(a)(2); Wade v. Comm’n for Lawyer Discipline, 961 S.W.2d 366, 374 
(Tex. App.—Houston [1st Dist.] 1997, no pet.) (reasoning that to challenge 
exclusion of evidence by the trial court on appeal, the complaining party must 
present the excluded evidence to the trial court by offer of proof). Appellate 
review of alleged improperly excluded evidence is not possible without a showing 
of what evidence would have been presented. Wade, 961 S.W.2d at 374. 
Thus, the issue of whether the trial court erred by refusing to let Hilliard 
reopen to put on evidence of his net resources is not preserved for our review. See 
Tex. R. App. P. 33.1(a).
        In 
his final argument under his first point, Hilliard further argues that his 
monthly payment of child support arrearage should be limited to twenty percent 
of his income. Hilliard did not raise this issue at trial, so we will not 
address it here. See id. We overrule the balance of Hilliard’s first 
point.
        In 
his second point, Hilliard alleges that he was entitled to appointed counsel 
under the Sixth Amendment to the United States Constitution. The right to 
counsel in criminal proceedings has long been recognized as a constitutional 
right. See Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792 (1963). In a 
civil proceeding, the right to counsel is more limited, applicable when a 
deprivation of liberty is possible. See Lassiter v. Dep’t of Social Servs., 
452 U.S. 18, 25-26, 101 S. Ct. 2153, 2158-59 (1981); Ridgway v. Baker, 
720 F.2d 1409, 1413 (5th Cir. 1983) (noting that “[t]he right to counsel turns 
on whether deprivation of liberty may result from a proceeding, not upon its 
characterization as ‘criminal’ or ‘civil’”); In re J.A.G., 18 
S.W.3d 772, 774 (Tex. App.—San Antonio 2000, no pet.) (holding appellant not 
entitled to counsel when incarceration was not potential result of the 
proceeding). Here, the order on appeal affirms a current child support 
arrearage. Neither Holland nor the Attorney General’s office sought criminal 
or civil contempt findings, sanctions, or commitment. Therefore, deprivation of 
liberty was not a possibility for Hilliard, and he was not entitled to court 
appointed counsel. See J.A.G., 18 S.W.3d at 774; Blake v. Blake, 
878 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1994, writ denied). We overrule 
Hilliard’s second point.
        In 
his third point, Hilliard complains that the reporter’s record contains 
numerous inaccuracies, false statements, and omissions. Texas Rule of Appellate 
Procedure 34.6(e) sets forth various procedures that may be utilized to correct 
inaccuracies in the reporter’s record. Tex. 
R. App. P. 34.6(e). Hilliard did not avail himself of any of these 
procedural vehicles for correcting the reporter’s record. We are without 
authority to order the filed reporter’s record altered as requested by 
Hilliard. We overrule Hilliard’s third point.
        Having 
sustained the issue under Hillard’s first point complaining that the trial 
court erred by not crediting SSI payments received by his youngest daughter 
after entry of the July 5, 2001 order against his child support arrearage, we 
reverse the trial court’s judgment and remand this cause to the trial court 
for further proceedings consistent with this opinion.
  
  
                                                          SUE 
WALKER
                                                          JUSTICE
  
  
PANEL 
F:   DAUPHINOT, HOLMAN, and WALKER JJ.
 
DELIVERED: 
November 24, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We note that a visiting judge heard Hilliard’s appeal of the master’s order 
confirming his child support arrearage.  Apparently, the visiting judge was 
unaware of the prior, July 5, 2001 order.