Hilliard v. Hilliard and the attoryney general

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-287-CV

JIMMY L. HILLIARD APPELLANT

V.

SHEILA MARIE HOLLAND AND THE APPELLEES

OFFICE OF THE ATTORNEY GENERAL

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jimmy L. Hilliard appeals from a judgment against him for a child support arrearage.  In his first point, Hilliard claims that the trial court erred by failing to credit $760 per month in Social Security Income (SSI) his youngest daughter received toward his child support arrearage.  At the hearing on the Attorney General’s motion to confirm his child support arrearage, Hilliard and Holland both testified that their youngest daughter was given monthly SSI checks in the amount of $760 until she reached the age of 18.  Holland testified that she did not report these payments to the Attorney General’s Office as credits to Hilliard’s back child support:  “[I]t did not go on back child support because it went directly to her for her benefit.”  Nor does the “Financial Activity Report” offered by the Attorney General’s office and admitted into evidence, documenting payments by Hilliard toward his child support arrearage, show any credits for the SSI.  The clerk’s record, however, contains a July 5, 2001"Order on Motion to Reduce to Judgment and Modify Support in Suit Affecting the Parent-Child Relationship” which requires that “Any payment from SSI for benefit of the girls NOT credit on current child support, but do go [sic]  towards the Judgment.”
(footnote: 2)  Neither Hilliard nor the Attorney General’s Office appealed this prior order, and it became final.  Consequently, in computing Hilliard’s current child support arrearage, that is, cumulating the arrearage reflected in the July 5, 2001 order and the arrearage accrued since that order, any payment from SSI for the benefit of his daughter was required to have been credited toward the prior arrearage judgment.  Because the trial court did not credit Hilliard’s child support arrearage with the $760 per month SSI received by his youngest daughter, as ordered on July 5, 2001, we sustain this portion of Hilliard’s first point.

Also in his first point, Hilliard argues that the trial court erred by denying him the opportunity to present evidence of his net resources.  Hilliard’s attempted offer, however, came after both he and the State had rested.  
The record does not reveal what evidence Hilliard was attempting to offer, nor does it indicate that Hilliard made an offer of proof or a formal bill of exceptions to preserve error.  
See
 
Tex. R. Evid.
 103(a)(2);
 Wade v. Comm’n for Lawyer Discipline, 
961 S.W.2d 366, 374 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (reasoning that to challenge exclusion of evidence by the trial court on appeal, the complaining party must present the excluded evidence to the trial court by offer of proof)
.  
Appellate review of alleged improperly excluded evidence is not possible without a showing of what evidence would have been presented.  
Wade, 
961 S.W.2d at 374
.  Thus, the issue of whether the trial court erred by refusing to let Hilliard reopen to put on evidence of his net resources is not preserved for our review.  
See
 
Tex. R. App. P.
 33.1(a).

In his final argument under his first point, Hilliard further argues that his monthly payment of child support arrearage should be limited to twenty percent of his income.  Hilliard did not raise this issue at trial, so we will not address it here.  
See id
.  
We overrule the balance of Hilliard’s first point.

In his second point, Hilliard alleges that he was entitled to appointed counsel under the Sixth Amendment to the United States Constitution.  The right to counsel in criminal proceedings has long been recognized as a constitutional right.  
See Gideon v. Wainwright
, 372 U.S. 335, 83 S. Ct. 792 (1963).  In a 
civil 
proceeding, the right to counsel 
is more limited, applicable when a deprivation of liberty is possible.  
See Lassiter v. Dep’t of Social Servs.
, 452 U.S. 18, 25-26, 101 S. Ct. 2153, 2158-59 (1981); 
Ridgway v. Baker
, 720 F.2d 1409, 1413 (5th Cir. 1983) (noting that “[t]he right to counsel turns on whether deprivation of liberty may result from a proceeding, not upon its characterization as ‘criminal’ or ‘civil’”); 
In re J.A.G.
, 18 S.W.3d 772, 774 (Tex. App.—San Antonio 2000, no pet.) (holding appellant not entitled to counsel when incarceration was not potential result of the proceeding).  Here, the order on appeal affirms a current child support arrearage.  Neither Holland nor the Attorney General’s office sought criminal or civil contempt findings, sanctions, or commitment.  Therefore, deprivation of liberty was not a possibility for Hilliard, and he was not entitled to court appointed counsel.  
See
  
J.A.G.
, 18 S.W.3d at 774; 
Blake v. Blake
, 878 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1994, writ denied).  We overrule Hilliard’s second point.

In his third point, Hilliard complains that the reporter’s record contains numerous inaccuracies, false statements, and omissions.  Texas Rule of Appellate Procedure 34.6(e) sets forth various procedures that may be utilized to correct inaccuracies in the reporter’s record. 
 
Tex. R. App. P.
 34.6(e).  Hilliard did not avail himself of any of these procedural vehicles for correcting the reporter’s record.  We are without authority to order the filed reporter’s record altered as requested by Hilliard.  We overrule Hilliard’s third point.

Having sustained the issue under Hillard’s first point complaining that the trial court erred by not crediting SSI payments received by his youngest daughter after entry of the July 5, 2001 order against his child support arrearage, we reverse the trial court’s judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

SUE WALKER

JUSTICE

PANEL F: DAUPHINOT, HOLMAN, and WALKER JJ.

DELIVERED: 
November 24, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We note that a visiting judge heard Hilliard’s appeal of the master’s order confirming his child support arrearage.  Apparently, the visiting judge was unaware of the prior, July 5, 2001 order.