Affirmed and Memorandum Opinion filed June 8, 2006









Affirmed
and Memorandum Opinion filed June 8, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00046-CV

____________

 

IN THE INTEREST OF
D.D.A.

 

 



 

On Appeal from the 306th
District Court

Galveston County, Texas

Trial Court Cause No. 03FD02658

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Lee Arthur Bush, appeals the
trial court=s order awarding retroactive child support
in a paternity action.  He raises two
issues on appeal, asserting that the trial court abused its discretion in
awarding retroactive child support and that he should be entitled to abate the
appeal to obtain a record from the hearing. 
We affirm.








The Texas Attorney General filed a
petition to establish appellant=s paternity of the
child, D.D.A. and establish child support. 
The case was heard by a Title IV-D associate judge.[1]  On November 15, 2004, the associate judge
signed an order finding appellant to be the child=s father and awarding
retroactive child support in the amount of $12,425.  Appellant did not appeal this order to the
referring district court; accordingly, the order became the order of the
referring court after the three-day period in which to appeal had passed.  See Tex.
Fam. Code Ann. ' 201.1041(a) (Vernon Supp. 2005).[2]  Appellant filed a notice of appeal to this
court on December 14, 2004.  

We first address the status of the record
in this appeal.  Appellant requested that
this court abate his appeal so that he could obtain a Arecorder=s record.@  It is undisputed that no official court
reporter or court recorder was present at the hearing, but the associate judge
tape recorded the hearing.  This court
previously denied appellant=s motion to abate
the appeal to permit supplementation of the record with the tape recording made
by the associate judge.  Appellant now
re-urges his request for supplementation of our record.

As an initial matter, we note that
appellant did not make a timely or proper request for the record.  The request must be made to the Aofficial@ court reporter or
recorder A[a]t or before the time for perfecting the
appeal.@  Tex.
R. App. P. 34.6(b)(1).  By
appellant=s own admission, he did not request the
record until February 25, 2005, more than sixty days after his notice of appeal
was filed.  Not only was the request over
sixty days late, it was not directed to the proper party.  Appellant=s counsel mailed a
letter to the 306th District Court requesting that the audio recording made
during trial be sent to this court. 
After being informed that the tape recording was not a part of the clerk=s record on file
with the 306th District Court, appellant then requested the tape recording from
counsel for the Attorney General, who also was not in charge of maintaining the
recording.  While there is no Aofficial@ court recorder in
this case; appellant=s request was not made to the Ade facto@ recorder, the
IV-D associate judge, but instead was made to the trial court and counsel for
appellee.  It is unclear from our record
whether appellant ever requested the tape recording from the IV-D associate
judge.  








Secondly, the Texas Supreme Court has
adopted rules for making an electronic recording of court proceedings.  See RULES GOVERNING THE PROCEDURE FOR
MAKING A RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING, reprinted in
TEXAS RULES OF COURT B STATE 439-440 (West
2006).  The rules have specific
requirements governing the preparation and filing of the record and the duties
of the court recorder designated by the trial court.[3]  Id. 
In addition, the Texas Rules of Appellate Procedure require court
recorders to perform specific duties, in addition to those for court reporters,
to ensure the proper functioning of the electronic recording system so that a
transcribable recording is made.  See Tex. R. App. P. 13.1, 13.2.  The rule incorporates the requirement for a
detailed log of proceedings to be filed with the clerk of the court.  Finally, the rule governs storage of the
original recording and requires that it be safeguarded so that there is no
unauthorized access.  In the absence of
an official court recorder and compliance with these rules, this court has no
assurance that the tape recording is complete, accurate or capable of being
transcribed.








The Supreme Court has authorized courts in
Bexar, Brazos, Dallas, Harris, Kleberg, Liberty, and Montgomery Counties, and
the 39th District Court in Haskell, Throckmorton, Stonewall and Kent Counties,
to make a record in civil proceedings by electronic tape recording.  See RULES GOVERNING THE PROCEDURE FOR
MAKING A RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING, reprinted in
TEXAS RULES OF COURT B STATE at 441.  Galveston County is not included in the
order.  We are not authorized to consider
tape recordings in the absence of a supreme court order.  See, e.g., Henning v. Henning, 889
S.W.2d 611, 612 n. 1 (Tex. App.CHouston [14th
Dist.] 1994, writ denied) (noting court had no authority to consider tapes from
proceeding before master in Fort Bend County, which is not a county included in
supreme court order); Ex parte Occhipenti, 796 S.W.2d 805, 807 (Tex.
App.CHouston [1st
Dist.] 1990, orig. proceeding) (holding tape recordings could not be considered
prior to supreme court=s order authorizing their use); but see
In the Interest of B.R.G., 48 S.W.3d 812, 816-17 (Tex. App.CEl Paso 2001, no
pet.) (approving use of fully audible master=s tape recording
where master=s affidavit certified audiotape was
prepared and certified according to court=s standards). 

Finally, the Family Code does not require
the IV-D associate judge to provide a court reporter.  Before the 2003 amendments to the Family
Code, a IV-D master was required to Atake testimony and
make a record in all Title IV‑D cases.@ Act of April 20,
1995, 74th Leg., ch 20 ' 1, 1995 Tex. Gen. Laws 113, 242.  The legislature deleted this provision in
2003, and the amended statute is silent with respect to a record of proceedings
before a IV-D associate judge.  See
Act of May 27, 2003, 78th Leg., R.S., ch. 1258, ' 8, 2003 Tex. Gen.
Laws 3564, 3565 (eff.
Sept.1, 2003) (codified at Tex. Fam. Code Ann. ' 201.104 (Vernon Supp.
2005)).  With some exceptions for
referrals of contempt findings not applicable here, the procedures for appeal
of IV-D cases to the district court are governed by section 201.015, the
statute applicable to appeals from rulings of other family court associate
judges.  See Tex. Fam. Code Ann. ' 201.1042(a)
(Vernon Supp. 2005).  Section 201.015
specifies that on appeal to the referring court, Athe court may also
consider the record from the hearing before the associate judge, including the
charge to and verdict returned by a jury, if the record was taken by a court
reporter.@  Tex. Fam. Code Ann. ' 201.015(c)
(Vernon 2002) (emphasis supplied).  Our
review should likewise be limited to records taken by court reporters (or court
recorders, if electronic recording is authorized).

For these reasons, we denied appellant=s motion to abate
the appeal so that he could supplement our record with a tape recording from
the hearing below.  We likewise overrule
his second issue on appeal raising the same argument.








In appellant=s first issue, he
asserts the IV-D associate judge abused her discretion in granting retroactive
child support.  A trial court has broad
discretion in awarding child support, including retroactive child support.  Cohen v. Sims, 830 S.W.2d 285, 288
(Tex. App.CHouston [14th Dist.] 1992, writ
denied).  

We review the decision of the trial court
to award retroactive child support under the abused discretion standard.  See In re Tucker, 96 S.W.3d 662, 668
(Tex. App.CTexarkana 2003, no pet.).  Whether the court properly exercised its
discretion depends upon not only whether it acted with reference to guiding
rules and principles, In re Hamer, 906 S.W.2d 263, 265 (Tex. App.CAmarillo 1995, no
writ), but also whether the decision is supported by the evidence.  Zieba v. Martin, 928 S.W.2d 782, 786
(Tex. App.CHouston [14th Dist.] 1996, no writ)
(holding that while the existence of evidence supporting the trial court=s decision is not
an independent ground of attack, it is nonetheless a factor to consider when
determining if the trial court abused its discretion).

There is no record of the evidence
presented in this case.  We cannot
determine whether the trial court abused its discretion in awarding retroactive
child support without a record from the hearing.  See In re J.A.G. 18 S.W.3d 772, 774
(Tex. App.CSan Antonio 2000, no pet.).  Thus, appellant has presented nothing for us
to review.  See In re Marriage of
Spiegel, 6 S.W.3d 643, 646 (Tex. App.CAmarillo 1999, no
pet.).  Based on the record before us,
the trial court did not abuse its discretion in awarding retroactive child
support.  See In re Guthrie, 45
S.W.3d 719, 727 (Tex. App.CDallas 2001, pet.
denied).  Therefore, we overrule
appellant=s first issue.

We affirm the judgment of the trial court.

 

PER CURIAM

 

Judgment rendered
and Memorandum Opinion filed June 8, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman. 











[1]  In 2003, the
legislature changed the title of a child support master to associate judge for
Title IV‑D cases.  See Act
of May 27, 2003, 78th Leg., R.S., ch. 1258, ''
2‑15, 25‑28, 2003 Tex. Gen. Laws 3564, 3564‑68, 3570 (eff.
Sept.1, 2003).   





[2]  The order was
also signed by the presiding judge on November 23, 2004.





[3]  For example,
the court recorder is required to maintain and file a log including (1) the
number and style of the case before the court; (2) the name of each person
speaking; (3) the event being recorded; (4) each exhibit offered, admitted, or
excluded; (5) the time of day of each event; and (6) the index number on the
recording device showing where each event is recorded.  RULES GOVERNING THE PROCEDURE FOR MAKING A
RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING at 439;Tex. R. App. P. 13.2(b).