# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00086-CV

**William P. Klages, Appellant**

**v.**

**Rita E. Klages, Appellee**

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-16-005533, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

William P. Klages appeals the district court's modification order in his suit affecting the parent-child relationship, challenging the $1,350 amount of his monthly child-support obligation. We will affirm the district court's order.

## BACKGROUND

William and Rita E. Klages[1] had one child, born September 18, 2005, and divorced in 2017. In 2018, William filed a petition to modify the $1,710 amount of child-support set forth in the parties' final divorce decree and alleged that his employment circumstances had changed, causing a decrease in his income. Both William and Rita testified during the evidentiary hearing on his petition to modify. Evidence at the hearing showed that William lives in California, works for a Canadian company called QA Consultants USA, Inc. as "Vice President,

---

[1] We refer to the parties by their first names for clarity because they share the same last name.

Advisory and Partner Management" and sells software-testing services. For this work, William is paid a "base salary" of $80,000 annually, plus 5% commissions and a bonus of up to fifty percent of his income (approximately $40,000 excluding commissions). Rita was a homemaker but by the time of the hearing had obtained a food-manager's license and provided catering services for one event, from which she earned about $1,400 after expenses.

At the end of the hearing, the district court denied William's motion to modify the child-support order. Later that day, the district court notified the parties that it had reconsidered its oral ruling sua sponte and that it would grant William's requested modification and reduce his child-support obligation to $1,350 per month. The district court incorporated that ruling into its December 4, 2019 "Order in Suit to Modify Spousal Maintenance and the Parent-Child Relationship." The order also recited that William's net resources per month are $4,529.49; that Rita's net resources are $0; and that the percentage applied to the first $4,529.49 of William's net resources for child support is 29.8 percent.

Additionally, the district court filed findings of fact and conclusions of law stating in relevant part that the child-support provisions in the order are in the best interest of the child; that the proven needs of the child include the need for extra-curricular activities; and that there is an increased need for support because William is not entitled to any periods of possession of the child. The district court reiterated its findings from the child-support order as to the amount of William's net resources, the amount of Rita's net resources, and the percentage applied to William's net resources for child support. Further, the district court found that "William Klages is eligible to receive a bonus of up to $40,000 per year." Finally, the district court specified that it considered certain factors in making its child-support order, including: (1) the child's age and needs; (2) the parents' ability to contribute to the child's support; (3) any financial resources

2

available for the child's support; (4) the amount of time of possession of and access to the child; (5) the amount of alimony or spousal maintenance that a party is paying or receiving; and (6) provision for health care insurance and payment of uninsured medical expenses. *See* Tex. Fam. Code § 154.123(b)(1)-(4), (8), (12). This appeal followed.[2]

## DISCUSSION

### Modified Order of Child Support

In his only appellate issue, William challenges the $1,350 amount of child support required by the modification order. His complaint is based on the district court's decision to deviate from the child-support guidelines in the Family Code. *See id.* § 154.122 (providing presumptions that child-support payment established by guidelines is reasonable and that child-support order conforming to guidelines is in child's best interest).

Once the trial court determines a material and substantial change has occurred, warranting modification of a child-support order, the extent of the alteration of the amount of child support also lies within the court's discretion. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). We will not disturb a trial court's child-support order unless the complaining party shows a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Hollifield v. Hollifield*, 925 S.W.2d 153, 155 (Tex. App.—Austin 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.); *Hollifield*, 925 S.W.2d at 155. In this modification suit, as in other family-law cases, the abuse-of-discretion standard and traditional

---

[2] Rita is acting pro se on appeal and did not file a brief.

sufficiency standards of review overlap. *See Zeifman v. Michels*, 212 S.W.3d 582, 587-88 (Tex. App.—Austin 2006, pet. denied); *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.). In these cases, legal and factual insufficiency are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *See Coburn*, 433 S.W.3d at 823; *Zeifman*, 212 S.W.3d at 587. Thus, in determining whether the trial court abused its discretion, we consider whether the court had sufficient evidence upon which to exercise its discretion, and if so, whether it erred in the application of that discretion. *Coburn*, 433 S.W.3d at 823; *Zeifman*, 212 S.W.3d at 588; *Echols*, 85 S.W.3d at 477-78.

Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011). Evidence is legally insufficient when: (1) there is a complete absence of a vital fact; (2) rules of law or evidence preclude giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005); *Steele v. Steele*, No. 03-07-00011-CV, 2009 Tex. App. LEXIS 6519, at *9 (Tex. App.—Austin Aug. 19, 2009, no pet.) (mem. op.). When determining whether the evidence is legally sufficient to support the trial court's exercise of discretion, we consider the evidence in the light most favorable to the trial court's findings if a reasonable factfinder could and disregard evidence to the contrary unless a reasonable factfinder could not. *City of Keller*, 168 S.W.3d at 827; *Steele*, 2009 Tex. App. LEXIS 6519, at *9. When determining whether the evidence is factually sufficient to support the trial court's exercise of discretion, we consider and weigh all the evidence presented and set aside the trial court's findings only if they are so contrary to the overwhelming weight of the evidence such that they are clearly wrong and

4

unjust.  *City of Keller*, 168 S.W.3d at 826.  We review a trial court's findings of fact for legal and factual sufficiency under these same standards.  *See Robbins v. Robbins*, 550 S.W.3d 846, 854 (Tex. App.—Fort Worth 2018, no pet.).  When the record contains some evidence of a substantive and probative character supporting the trial court's decision, there is no abuse of discretion.  *Tuan Anh Tran v. Nguyen*, 480 S.W.3d 119, 128 (Tex. App.—Houston [14th District] 2015, no pet.); *Coburn*, 433 S.W.3d at 823; *Zeifman*, 212 S.W.3d at 587; *Echols*, 85 S.W.3d at 477.

**Child Support in Excess of Statutory Guideline Amount**

Section 154.125 of the Texas Family Code applies when the obligor's monthly net resources are not greater than $8,550[3] and sets forth a schedule of percentages that presumptively apply to the obligor's net resources if the obligor's monthly net resources are not greater than $8,550.  Tex. Fam. Code §154.125(b).  But a trial court may deviate from those percentage guidelines if the evidence rebuts the presumption that application of those amounts is in the child's best interest.  *See id.* § 154.123(a).  When making that determination, the trial court may consider certain specified factors and "any other reason."  *See id.* § 154.123(b).

To impose child support beyond the guidelines, the record must contain evidence of the child's "proven needs."  *See id.* § 154.126; *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 417 (Tex. 1993) (noting that child-support award exceeding statutory guidelines must be based on child's unmet needs).  A child's needs are not limited to "the bare necessities of life."  *Rodriguez*, 860 S.W.2d at 417 n.3.  Rather, the trial court must determine, in its discretion, the

---

[3] Under the guidelines applicable to this case, the net-resources cap is $8,550.  *See* 38 Tex. Reg. 4647, 4647 (July 19, 2013) (Office of the Att'y Gen., Announcement of Adjustment Required by Texas Family Code § 154.125).  Effective September 1, 2019, the amount of the net-resources cap increased to $9,200.  *See* 44 Tex. Reg. 3559, 3559 (July 12, 2019) (Office of the Att'y Gen., Announcement of Adjustment Required by Texas Family Code § 154.125).

child's needs on a case-by-case basis by following the "paramount guiding principle: *the best interest of the child*." *Id.*; *see Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) (quoting *Rodriguez*, 860 S.W.2d at 417 n.3). A trial court sitting as the trier of fact at the hearing on child support is the sole judge of the credibility of the witnesses and the weight assigned their testimony and may accept or reject all or any part of the testimony of each witness. *Hatteberg v. Hatteberg*, 933 S.W.2d 522, 530 (Tex. App.—Houston [1st Dist.] 1994, no writ).

Here, the district court's order requires William to pay child support of $1,350 per month. The order states that William's monthly net resources are $4,529.49; that Rita's net resources are $0; and that the percentage applied to the first $4,529.49 of William's net resources for child support is 29.8 percent. *See* Tex. Fam. Code § 154.130 (governing findings in child-support order). At the hearing on his petition to modify, William testified that his monthly child-support payment should be $850. On appeal, William contends that his child-support obligation should have been set at $905.90 per month—his calculation of the presumptive-guideline amount for an $80,000 annual salary.[4] He also contends that the evidence of the child's needs "equals $650 per month at best" and that there was "no evidence" justifying the district court's child-support order exceeding the presumptive-guideline amount.

Contrary to William's contention, the district court's order of child support is supported by the evidence in the record. It was undisputed at the modification hearing that William receives a "base salary" of $80,000 and that "in addition to [his] annual salary," he is eligible for a bonus "of 50%" ($40,000), plus commissions "at a rate of 5%." During the hearing, Rita discussed the needs of the child, including golf-related expenses that are higher

---

[4] William's calculation includes deductions for the California state income tax and California state disability insurance.

6

during the season and when the child is participating in tournaments. Rita testified without contradicting evidence that this after-school activity requires payment of membership fees for the club where the child practices and plays, and that she is paying 100% of the expenses for the child's activities. She stated that the expenses for the child's golf ranged from $200 to $800 per month. *See Zajac v. Penkava*, 924 S.W.2d 405, 409 (Tex. App.—San Antonio 1996, no writ) (holding that estimates of past and future expenses and needs of child are relevant and probative in determining child support). Rita also testified that she pays half the cost of the child's therapy, which is $150 per session, and that the child sometimes attends therapy every week and other times less frequently. *See id.* Rita further testified that she had not made any money besides the amount she earned for her first catering event. The parties' divorce decree reflects that Rita is the sole managing conservator for the child, and her itemized proposed support decision, admitted into evidence without objection, shows that she needed about $11,272 per month for both her and the child's expenses combined. *See Yarbrough v. Yarbrough*, 151 S.W.3d 687, 693 (Tex. App.—Waco 2004, no pet.) (concluding that trial court had sufficient information, based on mother's testimony and list of monthly expenses, from which it could make fair determination of pertinent expenses justifying child-support order); *Scott v. Younts*, 926 S.W.2d 415, 421 (Tex. App.—Corpus Christi-Edinburg 1996, writ denied) ("The child's mother is in the best position, as managing conservator, to explain the needs of the child."). It was undisputed at the hearing that William has no regular visits with the child and that Rita has possession of the child all the time.

The district court's findings of fact and conclusions of law specified that when ordering support in excess of the guideline amount, it considered that William was not entitled to any periods of possession of the child:

7

> The Court heard evidence of several factors set forth in Section 154.123(b) of the Texas Family Code—namely the amount of time of possession of and access to the child—and thus the Court ordered an amount of child support per month which exceeds the percentage guidelines of the Texas Family Code.

Additionally, the district court found that "[t]he proven needs of the child include the need for extra-curricular activities" and that "WILLIAM KLAGES is not entitled to any periods of possession of the child, thus increasing the need for support." These factors—the needs of the child, the ability of the parents to contribute to the support of the child, and the amount of time of possession of and access to a child—are set forth in the Family Code as relevant considerations when a trial court is determining whether the amount of child support set forth by the guidelines should be increased or decreased. *See* Tex. Fam. Code § 154.123(b)(1), (2), (4); *In re V.J.A.O.*, No. 05-15-01534-CV, 2017 Tex. App. LEXIS 2049, at *19-20 (Tex. App.—Dallas Mar. 9, 2017, pet. denied) (mem. op.) (rejecting father's contention that trial court abused its discretion by awarding additional child support because father's monthly resources greatly exceeded mother's and because mother's "primary possession of child means she is already absorbing more of the daily costs associated with feeding, sheltering, and raising the child"); *In re H.O.*, No. 04-14-00263-CV, 2015 Tex. App. LEXIS 5113, at *7 (Tex. App.—San Antonio May 20, 2015, no pet.) (mem. op.) (citing subsection 154.123(b)(4) and noting that "the trial court set current child support above the amount specified under the child support guidelines because [mother] has possession of the child one hundred percent of the time and [father] has no contact with the child"). Moreover, this list of statutory factors is not exhaustive, and the trial court must consider all relevant factors. *See Sanchez v. Sanchez*, 915 S.W.2d 99, 103 (Tex. App.—San Antonio 1996, no writ); *see also* Tex. Fam. Code § 154.123(b)(17) (providing that trial court "shall consider," in addition to other listed factors, "any other reason consistent with the best interest of

8

the child, taking into consideration the circumstances of the parents"). Finally, to the extent that William complains the district court's findings as to the amount of child support lack specificity, he failed to request any specific additional or amended findings. *See* Tex. R. Civ. P. 298 ("After the court files original findings of fact and conclusions of law, any party may file with the clerk of the court a request for specified additional or amended findings or conclusions."); *In re V.J.A.O.*, 2017 Tex. App. LEXIS 2049, at \*21; *see also In re Gonzalez*, 993 S.W.2d 147, 155 (Tex. App.—San Antonio 1999, no pet.) (concluding that trial court's stated reasons were adequate to satisfy section 154.130); *Zajac*, 924 S.W.2d at 410 (holding that substantial compliance with statutory predecessor to section 154.130 sufficed).

In sum, because this record contains some evidence of a substantive and probative character supporting the modified child-support order, William failed to show an abuse of the district court's discretion. *See Tran*, 480 S.W.3d at 128; *Coburn*, 433 S.W.3d at 823; *Zeifman*, 212 S.W.3d at 587; *Echols*, 85 S.W.3d at 477. We conclude that the district court had legally and factually sufficient evidence on which to exercise its discretion when making its modified child-support order and that it did not err in the application of that discretion. *See Coburn*, 433 S.W.3d at 823; *Zeifman*, 212 S.W.3d at 588; *Echols*, 85 S.W.3d at 477-78. Accordingly, we overrule William's appellate issue.

9

## CONCLUSION

We affirm the district court's "Order in Suit to Modify Spousal Maintenance and the Parent-Child Relationship."

                                               _____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed:   June 25, 2021