6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00137-CV
______________________________



IN RE:
ERIC CARSON WYNN





                                                                                                                                            
                 
Original Mandamus Proceeding





                                                                                                                                            
                                           


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross



MEMORANDUM OPINION

          Eric Carson Wynn has filed a petition for writ of mandamus asking this Court to
order the Honorable Robin D. Sage, presiding judge of the 307th Judicial District Court of
Gregg County, Texas, to (1) revise an order dated September 4, 2004, (2) appoint Wynn
counsel for the purpose of prosecuting a petition for DNA testing in connection with Wynn's
suit to establish paternity, (3) rule on a motion for a bench warrant, and (4) grant Wynn
indigency status so that Gregg County will be responsible for paying the costs of paternity
testing. For the reasons set forth below, we deny Wynn's petition.
A. Mandamus Relief 
          Mandamus will issue only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus is an extraordinary remedy that
will issue only to correct a clear abuse of discretion or, in the absence of another statutory
remedy, when the trial court fails to observe a mandatory provision conferring a right or
forbidding a particular action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985) (orig.
proceeding). Mandamus may issue even on questions of first impression if, as a matter
of law, the trial court erred in its analysis and reached an erroneous legal conclusion. Huie
v. DeShazo, 922 S.W.2d 920, 927–28 (Tex. 1996) (orig. proceeding). The party applying
for the writ has the burden of showing that the trial court abused its discretion. In re E. Tex.
Med. Ctr. Athens, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding); In re
Bunzl USA, Inc., 155 S.W.3d 202, 207–08 (Tex. App.—El Paso 2004, orig. proceeding).
B. Analysis
          We requested, and have now received, a response from the trial court to Wynn's
petition for writ of mandamus. That response includes a copy of an order dated
December 13, 2005, dismissing the case that underlies Wynn's petition for writ of
mandamus.
          Wynn first asks this Court to order the trial court to revise an order dated
September 4, 2004. The trial court has, however, subsequently made the September 2004
order void by entering a final order of dismissal. As there is no longer an effective order
to be modified or revised, Wynn's first issue is moot.
          Wynn next asks us to direct the trial court to appoint counsel for him. We have
found no authority, nor has Wynn cited us to any, requiring a trial court to appoint counsel
for an indigent person for the purpose of prosecuting a petition for paternity testing. In fact,
the Corpus Christi Court of Appeals has expressly held that substantive due process does
not require a trial court to appoint counsel in connection with a suit to establish paternity. 
Blake v. Blake, 878 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1994, writ denied); see
also Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 28–33 (1981). Given the weight of the
legal authority saying appointment of counsel is not required in a situation like Wynn's, we
cannot say the trial court abused its discretion by denying Wynn's motion for appointment
of counsel to prosecute his petition for paternity testing.
          Third, Wynn asks us to order the trial court to bench warrant him from prison to the
trial court for the purpose of participating in a hearing on his petition for paternity testing. 
The record before us shows two things: First, the trial court attempted to bench warrant
Wynn, but Wynn was unavailable on the date of the hearing. Second, the trial court
permitted Wynn to participate in a hearing on his petition for paternity testing via telephone
conference. Wynn did not object to this procedure, and we find nothing in the record to
suggest Wynn was otherwise harmed by not being physically present for this hearing. We
cannot, therefore, say the trial court abused its discretion.
          Finally, Wynn asks us to direct the trial court to order paternity testing be provided
without cost to Wynn. Wynn has directed our attention to no authority requiring he be
provided with paternity testing without cost. Nor has our independent research uncovered
any such authority. Accordingly, we cannot say the trial court abused its discretion in
ordering Wynn to bear such costs.
 

C. Conclusion
          Wynn has failed to show the trial court abused its discretion. Accordingly, Wynn has
not met his burden of proof, and we deny his petition for writ of mandamus.


                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      December 21, 2005
Date Decided:         December 22, 2005