**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00076-CV**
_____


**IN THE ESTATE OF ADRIAN J. NEUMAN**


**On Appeal from the County Court**
**Jefferson County, Texas**
**Trial Cause No. 105449**


**MEMORANDUM OPINION**

This is a *pro se* appeal of the trial court's order denying appellant Kenneth L. Neuman's ("Kenneth") motion to contest the will of the decedent, Adrian J. Neuman. In its order, the trial court concluded that Kenneth's motion was unsupported by evidence and was not timely filed. We reverse the trial court's order and remand this cause for further proceedings consistent with this opinion.

The decedent passed away on June 17, 2012. Appellee, Kenneth's sister Nancy, filed an application for probate of the decedent's will, which was executed on April 11, 2011, and for issuance of letters testamentary. According to the

1

decedent's will, the decedent had three daughters, one of whom is Nancy, and two sons, one of whom is Kenneth. In the will, the decedent divided his estate into three equal shares: one to Nancy outright; one to his daughter, Marilyn; and the third to Nancy as trustee for the benefit of his other daughter, Carol. The will named Nancy as independent executrix. The record indicates that a citation was issued directing that notice of the filing of the application for probate be posted on the door of the Jefferson County courthouse for at least ten days.

The trial court admitted the will to probate and issued letters testamentary to Nancy in an order dated July 10, 2012. Nancy's attorney filed a certificate pursuant to section 128A of the Texas Probate Code, in which he certified that the decedent had five children and explained that Marilyn had waived notice, Nancy had appeared in the proceeding, and no other persons were entitled to notice. *See* Tex. Prob. Code Ann. § 128A (West Supp. 2012) (notice to beneficiaries after probate of will). Nancy filed an inventory, appraisement, and list of claims, which the trial court approved.

On October 19, 2012, Kenneth filed a motion to compel production of the decedent's original will. On January 31, 2013, Kenneth filed a *pro se* motion to contest the will, in which he alleged that the decedent was not of sound mind when the will was executed because the decedent suffered from dementia. Attached as

2

exhibits to Kenneth's motion were (1) a letter to Kenneth from Nancy, dated September 16, 2012, (2) a letter to Kenneth from Nancy, dated April 4, 2010, (3) an undated letter to Kenneth from Nancy, and (4) undated letters to Kenneth from the decedent.

Nancy filed a response to Kenneth's motion, in which she asserted that the letters Kenneth attached to his motion do not demonstrate that the decedent was of unsound mind when he signed his will, nor do they demonstrate that the decedent loved Kenneth and would have wanted Kenneth to share in his estate. Nancy's response was file-marked on January 10, 2013, twenty-one days prior to the file mark on Kenneth's motion to contest the will. Kenneth also sought a bench warrant to appear for a hearing in the probate case. On January 31, 2013, the same day that Kenneth's motion was file-marked,[1] the trial court signed an order in which it determined that the decedent was of sound mind when he executed his will, and ordered that Kenneth's motion for bench warrant and to contest the decedent's will were "dismissed due to lack of evidence by Petitioner" and because "Petitioner's Motions were not filed in a timely manner." Kenneth then filed this appeal.

---

[1]In his brief, Kenneth asserts that he mailed his motion to contest the will in November 2012, and that he received a letter from the clerk's office in December 2012 saying that the motion had not been received.

In his first issue, Kenneth contends the trial judge erred by determining that his will contest was not timely filed. Section 93 of the Texas Probate Code provides that after a will has been admitted to probate, an interested person may contest the will within two years after the will was admitted to probate. *Id*. § 93 (West 2003). As previously discussed, the trial judge admitted the will to probate on July 10, 2012, and Kenneth filed his motion to contest the will on January 31, 2013. Kenneth filed his will contest well within the two-year period permitted by section 93, and the trial judge erred by determining otherwise. *See id*. We sustain issue one.

In his second issue, Kenneth argues that the trial judge erred by determining that Kenneth's will contest was not supported by evidence. Within his argument under issue two, Kenneth cites section 21 of the Probate Code, which provides as follows, in pertinent part: "In all contested probate . . . proceedings . . . the parties shall be entitled to trial by jury as in other civil actions." *Id*. § 21 (West 2003).

In response, Nancy cites Rule 216(a) of the Texas Rules of Civil Procedure and contends that because Kenneth "never requested a jury trial," he "was not entitled to a jury trial." Rule 216(a) provides as follows: "No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court *a reasonable time before the date set for trial of the cause on the non-jury*

*docket*, but not less than thirty days in advance." Tex. R. Civ. P. 216(a) (emphasis added).

The appellate record does not reflect that the case was ever set for trial, and the docket sheet indicates that the trial court signed its order finding that Kenneth's will contest was not timely filed and lacked evidentiary support on the same date that Kenneth's will contest was filed. The response Nancy had filed three weeks prior to that date was not written as a motion for summary judgment or other dispositive motion, but simply responded to the allegations in Kenneth's motion and its attached exhibits and requested that the trial court deny Kenneth's motion. Therefore, had the trial court not treated Nancy's response as a dispositive motion and signed an order denying Kenneth's motion on the same date Kenneth filed the motion, Kenneth could still have timely requested a trial by jury. *See id*.

"Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits." Tex. Prob. Code Ann. § 10 (West 2003). A person interested in an estate is an individual who has a legally ascertainable pecuniary interest, whether real or prospective, absolute or contingent, that will be impaired, benefitted, or materially affected by the probate of the will. *Evans v. Allen*, 358

5

S.W.3d 358, 364 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The trial court may set contested cases for trial on the request of any party or on its own motion, but must give not less than forty-five days of notice to the parties of the first setting. Tex. R. Civ. P. 245. "Noncontested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time." *Id.*

Because this was a contested case, the trial court was required to give the parties not less than forty-five days of notice of the first trial setting. *See id.* Had Nancy's response been filed as a no-evidence motion for summary judgment, Kenneth would have been entitled to twenty-one days of notice of the hearing. *See* Tex. R. Civ. P. 166a(c). The trial court erred by determining that Kenneth lacked evidence to support his motion when the time for him to produce his evidence had not yet arrived. We sustain issue two. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

                                     _____

                                        STEVE McKEITHEN
                                        Chief Justice

Submitted on June 19, 2013
Opinion Delivered July 11, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.

DISSENTING OPINION

The trial court's order reflects that the court treated appellee's filing as a dispositive "Motion," and on the twenty-first day after appellee's filing, the trial court dismissed the contest. Appellee argues that appellant has failed to adequately brief the two issues he raises: that the trial court erred (1) in finding his contest untimely filed and (2) in finding the will contest was not supported by sufficient evidence, and so erred in not granting him a jury trial. Those are the issues we are asked to address. Appellant does not attack the trial court's treatment of appellee's response as a dispositive motion. He does not claim insufficient notice. And he does not claim the clerk's file-stamp date affects anything. Those are not issues before the Court. The failure to raise an issue on appeal waives error. *See* Tex. R. App. P. 38.1(f); *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655-56 (Tex. 2001); *Prudential Ins. Co. of Am. v. J.R. Franclen, Inc.*, 710 S.W.2d 568, 569 (Tex. 1986) ("An appellate court is not authorized to reverse a trial court's judgment in the absence of properly assigned error.").

The Supreme Court has explained that "an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (quoting *Standard Fire

7

*Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979)). The trial court and appellee received appellant's contest motion before January 31, 2013. Appellee's response to appellant's motion was filed January 10. The court's staff attorney, in a letter dated January 25, wrote appellant about his motion. The January 31 file mark is not when the motion is deemed filed, and appellant makes no argument that it should be, or that he did not receive sufficient notice. *See LaCoke*, 585 S.W.2d at 680; *see also J.R. Franclen, Inc.*, 710 S.W.2d at 569.

It does not matter that the contest was timely filed within two years if no evidence supports the contest. One reason the trial court signed the dismissal order is because no evidence supports the contest. The court determined that the evidence established as a matter of law that the decedent was of sound mind when he signed the will. Appellant argues he was entitled to a jury trial, but he does not explain why the judge's determination was wrong. Appellant simply makes a conclusory statement that he is entitled to a jury trial under the Probate Code. Without sufficient evidence to support the contest, he is not entitled to a jury trial. The second issue should be overruled. The judgment should be affirmed.

_____<br>
DAVID GAULTNEY<br>
Justice

Dissent Delivered
July 11, 2013

8